**Richard H. PAULL, Plaintiff,**

v.

**Abraham RIBICOFF, Secretary of Health, Education and Welfare, an Agency of the United States of America, Defendant.**

**No. 850.**

United States District Court
D. Montana,
Helena Division.
July 26, 1961.

John W. Bonner, Helena, Mont., for plaintiff.

Krest Cyr, U. S. Atty. for the D. of Montana, Butte, Mont., for defendant.

WILLIAM D. MURRAY, Chief Judge.

Plaintiff brings this action under the provisions of 42 U.S.C.A. § 405(g) to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff disability insurance benefits under the Social Security Act, 42 U.S. C.A. § 423(a), and denying plaintiff the establishment of a period of disability under 42 U.S.C.A. § 416(i).

On December 30, 1955, plaintiff filed an application to establish a period of disability, alleging that he became unable to engage in substantial work on March 1, 1950, because of cervical arthritis, bursitis, hypertension, hydronephrosis, traumatic rheumatism and a cataract of the right eye. At that time it was found that plaintiff did not have the necessary "quarters of coverage" requirements provided by 42 U.S.C.A. § 416(i) (3), and the application was disallowed. No further steps were taken in connection with that application.

On September 22, 1958, plaintiff filed the application for disability insurance benefits and a period of disability and it is this application which results in the present proceedings before the court. In that application plaintiff alleged that he

first became disabled within the meaning of the Act in June, 1950, because of cervical arthritis, a bilateral bursitis, hydronephrosis. At that time it was determined that plaintiff met the "quarters of coverage" requirements, under amendments to the Act, on the alleged date of disability, June, 1950, and that they continued to be met until September 30, 1950. The government points out in its brief that it is possible that if plaintiff is entitled to credit for his period of service in the armed forces, he would have continued to meet the "quarters of coverage" requirements until March 31, 1953. However, as will be pointed out hereafter, this fact did not change the ultimate outcome.

The Secretary denied plaintiff's September, 1958, application upon the ground that the claimant was not disabled within the meaning of the Social Security Act (42 U.S.C.A. §§ 416(i) and 423). Plaintiff requested a hearing before a hearing examiner and such hearing was held on July 27, 1960, and in a decision dated August 23, 1960, the hearing examiner ruled against the plaintiff. Thereafter the plaintiff requested a review of the hearing examiner's decision by the Appeals Council of the Social Security Administration, and on November 28, 1960, the Appeals Council denied plaintiff's request for review, and, therefore, the decision of the hearing examiner is the final decision of the Secretary which this action is brought to review.

The defendant filed an answer to plaintiff's complaint and a motion for summary judgment supported by a brief, which was filed June 13, 1961. No brief in opposition to the motion for summary judgment was filed within the time allowed by Rule 7(a) of the Rules of this Court, or at all, and under the provisions of the Rule, this failure to file a brief could be taken as an admission that the defendant's motion is well taken. However, in view of the limited review which the Court is permitted to make of the Secretary's final decision, as is hereinafter pointed out, the Court has reviewed the record to arrive at its decision.

In order to be eligible for a period of disability under 42 U.S.C.A. § 416(i) and for disability insurance benefits under 42 U.S.C.A. § 423, the plaintiff must establish that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or to be of long continued and indefinite duration and that such disability had its onset prior to the filing of the application and at a time when plaintiff met the "quarters of coverage" requirements set forth in 42 U.S.C.A. § 416(i) (3) and § 423(c) (1).

Under both the statute and the cases, the burden rested on the plaintiff to prove that he met the conditions of eligibility fixed by the Act before he would be entitled to the benefits for which he applied. 42 U.S.C.A. § 416(i) (1), 42 U.S.C.A. § 423(c) (2). Dowell v. Folsom, D.C., 157 F.Supp. 46; Corn v. Flemming, D.C., 184 F.Supp. 490. Furthermore, in this proceeding before the court, the decision of the Secretary, if supported by substantial evidence, is conclusive and must be affirmed. 42 U.S.C.A. § 405(g). "Substantial evidence" is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126; Aaron v. Fleming, D.C., 168 F.Supp. 291, 294.

The hearing examiner found that plaintiff last met the "quarters of coverage" requirements on September 30, 1950, and that the plaintiff's impairment or impairments are not of sufficient severity, either singularly or in combination, to prevent the plaintiff from engaging in substantial gainful activity. Since there is substantial evidence in the record in support of this decision, it must be affirmed under the authorities above cited. Even if the plaintiff met the "quarters of coverage" requirement as late as March 31, 1953, there is still substantial evidence to the effect that the plaintiff

was not disabled within the meaning of the Act as of that date.

It is unnecessary to unduly prolong this opinion by setting forth in detail the evidence that was before the examiner. It is sufficient to note that the record shows that plaintiff has suffered from various afflictions since he received an injury in the Navy in 1945, including arthritis of the spine, bursitis of the left shoulder, kidney disorders, the forming of cataracts on his eyes and finally heart trouble. This last condition, however, did not arise until 1960, long after the "quarters of coverage" requirements of the Act had ceased to be met. However, despite these various afflictions, the record further shows that in 1954, 1955, 1956 and 1957, plaintiff was able to and did engage in substantial gainful employment. This employment consisted of locker attendant at the YMCA, night clerk at the Grand Hotel and bookkeeping and accounting work with Ralph Olson, the Carter Oil distributor in Butte. All of this employment was subsequent to the time when plaintiff last met the "quarters of coverage" requirements of the Act, whether that date be September 30, 1950, or March 31, 1953. This evidence alone would be substantial evidence in support of the hearing examiner's decision, which would preclude the court from reversing that decision. However, there is also an admission by the plaintiff that even as of the date of the hearing, July 27, 1960, he was physically able to perform work as a night room clerk similar to the work which he had performed in 1951 and 1952 at the YMCA in Butte. It also might be noted in passing that all of the medical evidence in the record, while it may not compel the conclusion reached by the hearing examiner, neither would it compel a contrary conclusion.

As previously pointed out, it is not the court's function to weigh the evidence and make a determination on the issue of plaintiff's disability. On the contrary, the court's only authority in this kind of case is to look at the record to determine whether or not there is any sub-

stantial evidence in support of the decision which the hearing examiner reached. If there is such substantial evidence in the record, the court must affirm the hearing examiner's decision, even if the court, were it considering the case originally, might have reached a different decision. There being such substantial evidence, the decision of the hearing examiner must be and is affirmed, and defendant's motion for summary judgment must be and is granted.

Counsel for defendant is directed to prepare a judgment in accordance with this opinion as provided by Rule 11(b) of the Rules of this Court.