Henderson **FERRIS**, Plaintiff,

v.

Abraham **RIBICOFF**, Secretary of Health, Education, and Welfare, Defendant.

**Civ. A. No. 1085.**

United States District Court
S. D. West Virginia,
at Huntington.

May 31, 1962.

Glyn Dial Ellis, Logan, W. Va., for plaintiff.

Harry G. Camper, Jr., U. S. Atty., Huntington, W. Va., for defendant.

---

HARRY E. WATKINS, District Judge.

This is an action under 42 U.S.C.A. § 405(g) of the Social Security Act to review a final decision of the Secretary of Health, Education and Welfare. Plaintiff seeks to establish a period of disability under 42 U.S.C.A. § 416(i) and a right to disability insurance benefits under 42 U.S.C.A. § 423. The final decision of the Secretary was that plaintiff was not entitled to the establishment of a period of disability or to disability insurance benefits, and the jurisdiction of this court is limited to a determination of whether that decision was based on substantial evidence. 42 U.S.C.A. § 405 (g). The court is precluded from having a hearing de novo. See Carpenter v. Flemming, D.C.N.D.W.Va., 178 F. Supp. 791.

The Act, 42 U.S.C.A. § 416(i) provides for eliminating from a person's earning record the period during which he was under a "disability" in computing his average monthly wage upon which the amount of his benefit is based. A discussion of the elements of this statutory disability is contained in Pruitt v. Flemming, S.D.W.Va., 182 F.Supp. 159. For an individual to be eligible for the establishment of a period of disability and for disability insurance benefits, the Act requires him (besides being under a "disability" as defined) to have met the special "insured status" contained therein. With respect to this plaintiff, the special insured status requirement was that he must have had a continuous "disability" (for not less than six continuous calendar months but still continuing indefinitely at the time of the filing of his application) which began at a time when he had twenty quarters of coverage (as defined in 42 U.S.C.A. § 413) within the forty quarter period ending with the first quarter of disability. Plaintiff last met this quarters of coverage requirement on September 30, 1957.

Plaintiff filed an application to establish a period of disability on April 24, 1959, and an application for disability insurance benefits on March 16, 1959, alleging that he became unable to work on October 31, 1955, at the age of 51, due to spinal arthritis, heart trouble, and very weak eyes.[1] The applications were denied initially and on reconsideration by the Bureau of Old-Age and Survivors Insurance after the West Virginia Vocational Rehabilitation Bureau, Disability Determination Section, had found that plaintiff was not under a disability. Plaintiff then requested a hearing on August 3, 1960, and such a hearing was held on March 2, 1961. The examiner rendered his decision on April 25, 1961, finding that plaintiff was not under a disability as defined in the Act. The Appeals Council, on June 30, 1961, denied plaintiff's request for review of the examiner's decision whereupon that decision became the "final decision" of the Secretary subject to the present judicial review.

The issue in this case is whether there is substantial evidence in the record to support the Secretary's decision that the plaintiff did not show himself to be unable to engage in any substantial gainful activity as a direct result of a medically determinable impairment which was expected either to result in death or to be of long-continued and indefinite duration.

The primary complaints underlying plaintiff's alleged disability are heart trouble, defective vision and spinal arthritis. Plaintiff's heart condition has been the subject of a great deal of controversy among the medical experts, and there are substantial conflicts in the medical evidence relating to this condition. The hearing examiner chose that line of medical testimony based

---

1. Plaintiff previously filed an application on December 5, 1955, to establish a period of disability, alleging the onset of his disability as July 31, 1952; this application was denied initially and on reconsideration by the Bureau of Old Age and Survivors Insurance. No appeal was taken from this denial, and the application is, therefore, not before this court for review.

upon a chest fluoroscopy and an electrocardiogram. In the cardiac series, including fluoroscopy and film study of the chest, plaintiff's heart was found to be normal in size, the electrocardiogram was described as essentially normal and no evidence of heart disease could be determined. In choosing to accept the diagnosis, based on objective evidence, that no disabling condition of the heart existed, the Secretary followed the well established principle that the trier of fact is to determine which version of conflicting evidence is to prevail. The Secretary's decision in this regard was based on substantial evidence and, therefore, cannot be disturbed by this court.

The medical reports relating to the condition of plaintiff's vision do not establish a disability. All of the tests conducted by Dr. Deason were carried on without glasses. In August, 1959, Dr. Mullins showed a significant improvement in plaintiff's vision with correction, having first tested his vision uncorrected. In November, 1959, Dr. C. A. Best found plaintiff's distance vision to be essentially normal. There is great variance in the reports on plaintiff's visual acuity and the evidence certainly is not sufficient to satisfy the burden which plaintiff bears to show a disability within the meaning of the Act.

Although plaintiff does appear to have arthritis of the spine, no medical report has indicated to what extent, if any, plaintiff's mobility has been limited by this condition. The only test of plaintiff's mobility (by Dr. Best on November 12, 1959) found that the degree of mobility appeared fair in all directions. Dr. Best further found that plaintiff's muscles were of good tone and well developed for his size. Spinal arthritis is a condition which often arises in the course of aging, and can be of varying degrees of severity. Its effect is not caused by its mere presence, but by the limitations on mobility, flexion, and bending imposed by it. Thus, to state that a man has arthritis of the spine does not support an opinion that he is disabled, unless the limitations imposed by the arthritis are described. No such evidence appears, and the Secretary was correct in concluding, therefore, that no disability had been shown.

The decision of the Secretary, being based upon substantial evidence, is affirmed.