Julius R. HICKEY, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education & Welfare, Defendant.

Civ. No. 5422.

United States District Court E. D. Oklahoma.

March 23, 1964.

Kay Wilson, Jr., Muskogee, Okl., for plaintiff.

Edwin Langley, U. S. Atty., appearing by Cecil E. Robertson, Asst. U. S. Atty., Muskogee, Okl., for defendant.

DAUGHERTY, District Judge.

This is an action by the plaintiff, Julius R. Hickey, to review a final decision of the defendant Secretary denying the plaintiff's application for a period of disability and disability benefits as authorized by the Social Security Act, as amended, 42 U.S.C.A. § 416(i) (1), 423. This court has jurisdiction of the action pursuant to Sec. 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g).

This action was filed July 22, 1963, after the Appeals Council denied

**6**

plaintiff's request for review of the hearing examiner's adverse decision which, therefore, became the final decision of the defendant Secretary. The defendant Secretary has filed a motion for summary judgment, to which the plaintiff has responded asking for judgment in his favor. The record is before the Court and briefs have been filed by both sides and considered by the Court.

The only issue before the Court is whether there is substantial evidence in the record to support the decision of the Secretary.

■ Substantial evidence means more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred. Park v. Celebrezze, D.C., 214 F.Supp. 153, 159. Appeal dismissed 8 Cir., 321 F.2d 543.

■ The burden of proof is upon the plaintiff. The findings of fact made by the hearing examiner, if supported by substantial evidence are conclusive and his conclusions of law are not binding on the Court but are entitled to great weight. Park v. Celebrezze, supra.

■ It appears from the record that the medical evidence before the hearing examiner was conflicting as to the extent of plaintiff's physical impairment disability. It is a well established principle that the trier of fact is to determine which version of conflicting evidence is to prevail and weigh the evidence accordingly. Ferris v. Ribicoff, D.C., 205 F. Supp. 178. The hearing examiner's decision in this record was based on substantial evidence and, therefore, cannot be disturbed by this Court.

■ The transcript reveals that the plaintiff had a fair hearing and full opportunity to adduce his evidence before the hearing examiner. There is ample substantial evidence such as Dr. Johnson's report; the fact that there is no objective medical evidence to support the plaintiff's complaint of a bad back; and

the fact that the plaintiff is receiving unemployment compensation—to support the findings and conclusions of the hearing examiner. This is true, even if the Court, were it considering the case originally, might have reached a different decision. Paull v. Ribicoff, D.C., 197 F. Supp. 108.

The defendant Secretary's conclusions and order should be affirmed. Counsel for the defendant will prepare a judgment to such effect for the signature of the Court and entry herein.