George D. JOHNSON, Plaintiff,

v.

Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.

No. 255-70.

United States Court of Appeals, Tenth Circuit.

Feb. 16, 1971.

James P. Johnston, Wichita, Kan., for appellant.

J. F. Bishop, Dept. of Justice, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Robert J. Roth, U. S. Atty., and Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., on the brief) for appellee.

Before HILL and HOLLOWAY, Circuit Judges, and DOYLE, District Judge.

HILL, Circuit Judge.

This appeal is from the District Court's order granting summary judgment on appellee Secretary's motion. Judgment was thereby entered affirming the Secretary's final determination against appellant's disability claim.

On May 1, 1963, appellant filed an application for a period of disability and/or disability insurance pursuant to the provisions of the Social Security Act, as amended, 42 U.S.C. §§ 416(i), 423. This application was advanced to the hearing stage on February 8, 1965, and thereafter appellee Secretary's Hearing Examiner handed down a decision holding that appellant was not disabled on or before August 1, 1963. Appellant's request for review by appellee's Appeals Council was denied and appellant resorted to suit in the Federal District Court. On March 22, 1966, the United States District Court for the District of Kansas affirmed the administrative decision. Thereafter appellant appealed to this court and for the reasons set forth in our reported opinion in that case,[1] the judgment of the District Court was reversed and the case was remanded to the District Court with instructions to remand the case to the Secretary for a rehearing and for the making of new findings in conformity with our opinion.

On March 1, 1967, appellee's Appeals Council vacated its previous decision denying appellant's claim, and a new hearing was held on the question. Subsequently, on September 20, 1967, the Hearing Examiner determined in a recommended decision that appellant was not entitled to a period of disability or to disability insurance benefits under the Social Security Act as in effect prior to the Social Security Amendments of 1965, or as amended thereby. The Hearing Examiner's decision became the final determination of the Secretary when the Appeals Council adopted the Examiner's decision. Again appellant petitioned the Federal District Court— as provided under 42 U.S.C. § 405(g)— for review of the final determination by the Secretary. Both appellant and appellee Secretary made motions for summary judgment, and after review of the evidentiary record, the District Court granted appellee Secretary's motion for summary judgment and overruled appellant's motion.

■ The underlying facts are largely without dispute and may be stated in brief since our previous opinion set them out in detail. At the time of filing his application for disability benefits in 1963, appellant was 46 years of age, blind in his right eye since he was five years old, and afflicted with a congenital bilateral clubfoot deformity. Appellant has satisfied the various procedural requirements of the Social Security Act, and in order to receive benefits there only remains the question whether appellant was disabled within the meaning of the Act on or prior to December 31, 1963.[2]

Needless to say, the judges of this court do not sit as a super trial court empowered to make our own determination whether appellant is disabled within the meaning of the Act. That is true regardless of how we would have decided the issues had we constituted the fact finding tribunal. On the contrary, 42 U.S.C. § 405(g) restricts judicial review stating: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * *" In two comprehensive memorandum decisions, the District Court reviewed the evidence and determined under the applicable law that substantial evidence supports appellee Secretary's finding that appellant was not disabled on or

1. Johnson v. Gardner, 368 F.2d 909 (10th Cir. 1966).

2. The special earnings requirements of the Act were met through December 31, 1963. In order to be entitled to a period of disability or to disability insurance benefits, it is necessary for appellant to establish that he was under a disability from a time on or prior to December 31, 1963, the date when the earnings requirements were last met.

prior to December 31, 1963. We agree with the District Court that substantial evidence supports the finding of the Secretary. In coming to this conclusion, we have not overlooked the evidence supportive of appellant's view. However, that evidence is not compelling because, as we have already pointed out, we cannot make a *de novo* determination but must limit our review to whether within all the evidence there exists such relevant evidence as a reasonable mind might accept as adequate to support appellee Secretary's determination.[3]

The statutory definition of "disability" is contained in 42 U.S.C. § 423(d) (1): "The term 'disability' means—(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. * * * " [4] In subsection 2(A) of 42 U.S.C. § 423(d), Congress elaborated on this definition saying, "an individual * * * shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." [5] The burden of proving disability by acceptable evidence rests with the claimant. 42 U.S.C. § 423(d) (5).

The evidence adduced at the administrative proceedings shows that appellant's congenital bilateral clubfoot deformity severely impairs his ability to walk or even to stand for any length of time. The medical evidence and appellant Johnson's own testimony leave little doubt that he suffers constant pain in his feet and legs when he is on his feet. This, of course, precludes any finding that appellant could engage in any substantial gainful activity which would require him to be on his feet for any length of time. However, the medical evidence in this case also supports the conclusion that appellant's physical impairment should not cause him pain while he is sitting, and that therefore he can engage in sedentary type employment for which he is qualified.

At the second hearing before appellee Secretary's Hearing Examiner, Dr. William R. Miller, a specialist in orthopedic medicine, testified concerning appellant's condition after examining the medical records placed in evidence relating to appellant's clubfoot deformity. Dr. Miller verified that appellant's condition would produce pain while appellant was on his feet. But the doctor's further testimony was that if appellant limits his movement during the day, he

---

3. Gardner v. Bishop, 362 F.2d 917 (10th Cir. 1966).

4. Congress adopted an identical definition of "disability" in 42 U.S.C. § 416(i) with regard to establishing a period of disability.

5. The definition cited derives from the Social Security Amendments of 1967 § 158(b), 81 Stat. 868. Although the case on appeal has its beginning long before 1967, the definition of "disability" and the companion subsection contained in the 1967 amendments are applicable to our case, because when Congress enacted the amendments on January 2, 1968, it further provided that the 1967 amendments shall apply to applications for disability benefits which have not been finally determined by the Secretary, or if so determined are yet undergoing review in civil proceedings on the date when the amendments were enacted. Social Security Amendments of 1967 § 158 (e), 81 Stat. 869.

should be able to spend time on his feet at intervals without producing constant severe pain. Dr. Miller also indicated that pain killing drugs would have a beneficial effect if appellant were in a sedentary state and did not engage in prolonged activities on his feet.

By letter admitted into evidence, Dr. J. F. Lance qualified his earlier statement that appellant's condition made him unemployable, by noting that the clubfoot condition should not affect appellant's activities while sitting. Additional medical evidence was produced by way of a report made by Dr. H. O. Marsh after Dr. Marsh examined appellant on May 1, 1967. In sum, the report states that appellant's condition precludes heavy, manual labor, but there are many types of light work he can do. This conclusion stems from Dr. Marsh's opinion that when appellant is not actually weight bearing, he would not be suffering pain. The medical evidence also included a report of an examination of appellant's eyesight which discloses that appellant has virtually lost the sight in one eye, but the other eye is correctable to substantially normal vision. The eye doctor's evaluation was that appellant can do most jobs requiring the use of his eyes, but he should not use moving machinery such as drill presses or bandsaws which require accurate judgment of close distances.

On the medical evidence summarized above, the Hearing Examiner determined that appellant's clubfoot condition and the accompanying pain did not prevent appellant from engaging in substantial gainful activity, if that activity is limited to sedentary type work. With respect to this determination, further inquiry was made at the hearing to determine whether appellant was qualified for sedentary type work existing in the national economy, keeping in mind his age, education, and work experience.

Evidence with respect to appellant's ability to perform sedentary jobs showed that appellant had approximately a high school education and possessed a high I. Q., which at one time was tested to be 130. In 1960, he completed ten months of an eighteen-month business preparatory course conducted under the auspices of the Kansas Vocational Rehabilitation Service. On these facts, a vocational expert testified at the hearing that there were many sedentary jobs existing in 1963 which appellant could have successfully performed. The expert enumerated clerical type jobs requiring intelligence, but which were not demanding on the eyesight and which could be performed while seated with occasionally having to stand or walk for a short time.

On the record of the evidence, we must agree with the District Court that substantial evidence supports appellee Secretary's finding that appellant does not suffer severe pain while seated and is not prevented from engaging in sedentary work; and that despite his impairments, appellant is able, in view of his intelligence, education, training, and work experience, to engage in at least several types of substantial gainful activity of a sedentary nature.

Affirmed.