**Paul S. KUSZEWSKI, Plaintiff,**

v.

**Casper W. WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. KC–3608.**

United States District Court,
D. Kansas.

July 18, 1973.

E. Roger Horsky, Leavenworth, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan., for defendant.

MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This is a proceeding under Title II of the Social Security Act, as amended, 42 U.S.C. § 401 et seq. Section 405(g) pro-

vides for judicial review of a "final decision" of the Secretary of Health, Education and Welfare. The matter is now before the court on the motion for summary judgment of defendant Casper W. Weinberger, Secretary of Health, Education and Welfare.

The plaintiff filed this application to establish a period of disability, as provided in § 416(i), and to obtain disability insurance benefits, as provided in § 423, on January 20, 1970. A previous claim in 1968 had been denied. Plaintiff's present claim was considered and reconsidered by the Social Security Administration, but finally denied on June 11, 1971.

At plaintiff's request, a hearing was held on March 8, 1972. Plaintiff appeared and testified and was represented by counsel at the hearing. The administrative law judge rendered a decision unfavorable to plaintiff on April 18, 1972, which was affirmed by the Appeals Council of the Social Security Administration. It is from this unfavorable decision, which stands as the "final decision" of the Secretary, that plaintiff seeks review in this court.

Section 223(d)(1) of the Social Security Act, as amended, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." Section 223(d)(2)(A) further provides:

"An individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired

if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

The burden of proving such a disability is on the plaintiff. 42 U.S.C. § 423(d)(5); Johnson v. Finch, 437 F.2d 1321 (10th Cir. 1971); Brock v. Finch, 313 F.Supp. 1187 (D.C.Kan.1970).

Plaintiff's evidence was that he became unable to work on January 16, 1968, at the age of 34, by reason of a long history of medical problems dating back to 1962. In July 1962, plaintiff was admitted to the Veterans Administration hospital in Kansas City, Missouri, complaining of locking left knee, headaches, nosebleeds, stiff neck, and low back pain. Upon his release, a diagnosis was made of "adult situational reaction in a probably passive-agressive personality, untreated, unimproved."

In January 1968, plaintiff was admitted to Cushing Memorial Hospital in Leavenworth, Kansas, for an avulsion fracture. He was treated and dismissed with no complications.

On several other occasions in 1968, plaintiff was admitted to the Veterans Administration hospital for back problems and for Bell's palsy. A psychiatric evaluation by Dr. A. N. Baser on November 13, 1968, concluded that plaintiff "in spite of all of his physical complaints . . . did not seem to be in pain or under any stress. He was well oriented and there appeared to be no gross perceptional dysfunction. There was also no thinking disorder . . . He is preoccupied with his somatic complaints."

Plaintiff was also evaluated at the Northeast Kansas Guidance Clinic, Leavenworth, Kansas, by Robert V. Price, Ph.D., a psychologist, on December 14, 1968, at the request of the Kansas Department of Social Welfare. Once again, plaintiff was found to place

strong emphasis on his somatic complaints.

After further physical and mental examinations in 1970, which revealed the same basic somatic complaints, plaintiff submitted to a "five-week staffing evaluation" by the Division of Vocational Rehabilitation of the State of Kansas. Stephen F. Rickey, a counselor for the Division of Vocational Rehabilitation, stated in a letter to the administrative law judge that "the few things [plaintiff] is able to do physically are cancelled out by his emotional maladjustment and tenuous psychological organization." The five-week staffing evaulation indicated, however, that plaintiff could be employed as an optical technician or in some other repetitive, routine, and well-structured job if he were willing to move to where placement would be available. Plaintiff is not willing to make such a move.

In opposition to the defendant's motion for summary judgment, plaintiff primarily relies upon the alleged discrepancy between the final decision of the Secretary on the one hand and the Kansas Vocational Rehabilitation evaluation and the Veterans Administration rating that plaintiff is permanently and totally disabled for pension purposes on the other hand. Plaintiff admits, however, that the standards utilized by the different departments in judging his case are not the same. Nor are the results inconsistent, in our view. Indeed, the finding of the Kansas Vocational Rehabilitation staff that employment of the plaintiff was possible if he were willing to move where placement is available would seem to support the final decision of the Secretary, namely, that plaintiff could engage in "substantial gainful work which exists in the national economy regardless of whether such work exists in the immediate area in which he lives . . ."

The Secretary's findings of fact, if supported by substantial evidence, are binding upon this court. 42 U.S.C. § 405(g); Johnson v. Finch, *su-*

*pra.* Upon the record before us, we hold that the Secretary's decision is supported by substantial evidence. Accordingly, defendant's motion for summary judgment is sustained.

It is so ordered.