**Mary L. BEAN, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,
Defendant.**

**Civ. A. No. W–5304.**

United States District Court,
D. Kansas.

March 26, 1974.

Owen J. Redmond, Jr., of Redmond, Redmond & Smith, Wichita, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Benjamin L. Burgess, Jr., Wichita, Kan., Paul P. Cacioppo, Regional Atty., Region VII, Dept. of H. E. & W., Kansas City, Mo., for defendant.

## MEMORANDUM OF DECISION

THEIS, District Judge.

This is a proceeding under Title II of the Social Security Act, as amended, 42 U.S.C. § 401 et seq. Section 405(g) provides for judicial review of a "final decision" of the Secretary of Health, Education and Welfare. The case is presently before the Court on defendant's motion for summary judgment. Being fully advised in this matter, the Court makes the following findings and orders.

On March 10, 1971, the plaintiff filed her application to establish a period of disability, as provided in § 416(i), and to obtain disability insurance benefits, as provided in § 423. On November 27, 1972, at plaintiff's request, a hearing was held, at which plaintiff, her husband, and her attorney appeared. On January 12, 1973, the hearing examiner rendered a decision unfavorable to plaintiff. He found that plaintiff was not under a "disability" as defined in the Social Security Act, at any time when she met the earnings requirement of the law. On April 20, 1973, the Appeals Council of the Social Security Administration affirmed the decision of the hearing examiner. Thus, the decision of the hearing examiner stands as the final decision of the Secretary.

Section 223(d)(1) of the Social Security Act, as amended, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." Section 223(d)(2)(A) further provides:

"An individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

The burden of proving such a disability is on the plaintiff. 42 U.S.C. § 423(d)(5); Johnson v. Finch, 437 F.2d 1321 (10th Cir. 1971); Brock v. Finch, 313 F.Supp. 1187 (D.Kan.1970).

Plaintiff's evidence established that she suffered from petit mal or light seizures of epilepsy as a child. The seizures continued through high school. They were far apart in her teens and came at irregular intervals. The attacks became more severe when plaintiff reached her twenties. When she was working at Farmers Livestock Commission in Springfield, Missouri, in 1952, she had two grand mal type seizures and many minor spells. Since beginning treatment under Dr. Conwell in 1952, she has had no further grand mal seizures.

The plaintiff was treated for her seizures with medication by Dr. Conwell from 1952 until his death. Dr. Harris, an associate of Dr. Conwell, continued treating her after Dr. Conwell's death. Plaintiff has taken medication for epilepsy for 20 years. She was hospitalized in 1952 for tests, and in 1955 for removal of an ovary and her appendix. She had no disabling effects from this operation. In August, 1955, plaintiff was hospitalized for enterocolitis which was caused by complications from the prior operation. Her next hospital admission was in February, 1967, for removal of her gallbladder. Since her gallbladder surgery she has been unable to eat very much or belch, and she has had excessive gas. She is presently on a diet to help alleviate the latter problem. Due to gas buildup caused by tension, the plaintiff testified that she was unable to work all of the time.

The plaintiff testified that she has had no convulsions since she has been on medication prescribed by her doctor, and that she has not had a grand mal seizure since 1966. She has had some minor spells lasting only a few seconds. She is presently taking Phenobarbital and Mebaral, and her doctor told her this causes a reaction of drowsiness and lazy colon. The plaintiff last saw Dr. Little, a psychiatrist treating her epileptic condition, in October, 1972. She sees him at yearly intervals.

St. Joseph Hospital records, signed by Dr. Winchester, revealed that he had first treated plaintiff in 1962 for pain in her legs and then saw her in 1963 for an acute pharyngitis, calcific bursitis in her left shoulder, and nasal sinusitis. All complaints responded to medication. A cyst was incised and drained in August 1965. At an examination in March, 1966, plaintiff stated she had had several light seizures in the past month and occasional blackout spells that lasted for a few seconds. She was advised to have her medication adjusted. A mild dysuria noted at that time was treated with medication. An examination on December 30, 1966, revealed gallstones (choleli-thiasis) and plaintiff's gallbladder was removed (cholecystectomy) during hospitalization from February 10 to February 19, 1967.

A report dated March 16, 1971, from Gilbert Little, M.D., a psychiatrist, contained a diagnosis of epilepsy and stated that since 1965, Mebaral and Dilantin had controlled plaintiff's seizures when she was not under pressure. The report also remarked that plaintiff was unable to hold a steady position because under stress the medication did not control her anxiety state. No laboratory or clinical reports were included with this report.

J. Paul Schweinfurth, M.D., a neurosurgeon, examined the plaintiff on April 27, 1971, at the request of the Kansas State agency for vocational rehabilitation. Dr. Schweinfurth reported that plaintiff had been taking medication for epilepsy since 1952 when she had consulted Dr. Conwell and Dr. Harris, and that she had also consulted Dr. James Donnell. Since 1965, she had been treated by Dr. Little. She had not had a generalized convulsion since February 1962. Copies of reports of electroencephalograms made on January 22 and February 26, 1962, furnished to Dr. Schweinfurth were interpreted by Dr. Ralph Drake, a neurologist, as abnormal and showed paroxysmal cerebral dysrhythmia. Plaintiff took Phenobarbital and Mebaral daily and about once every 2 months experienced lapses of consciousness of a few seconds duration. No objective evidence of any other disorder of the central nervous system was noted. Plaintiff also complained of constipation all her life and aching thighs and calves for the last 2 years.

A report from Dr. Little to plaintiff's attorney dated December 6, 1972, stated that plaintiff got along quite well on the presently-established dosage of Phenobarbital and Mebaral. There was occasional psychomotor activity when she was under stress, such as playing the piano in church and Sunday School. Plaintiff increased medication when she performed at churches to avoid sensations of stress, but this left her too

drowsy to perform properly. Dr. Little commented that plaintiff's condition limited her social life. No clinical or laboratory data accompanied this letter.

The plaintiff presently lives in Wichita, Kansas, with her husband. They have no children. She is 47 years old, five feet three inches tall, and weighs 120 pounds. She owns a car and is able to drive. She is also able to utilize public transportation. She has a high school education and six months of business school. She has had no other formal training and has not had any military service.

The plaintiff left business school to take a job as a comptometer operator with Farmers Livestock Commission, Springfield, Missouri. She was employed there from 1946 to 1951. The job was limited to operating a comptometer and some minor card filing. Plaintiff next worked at Safeway stores for ten years as a comptometer operator. She stopped this work when the company transferred its office to Kansas City, Missouri, and plaintiff decided against leaving Wichita, Kansas. She worked for two weeks at Santa Fe Railroad, but left because she could not stand the strain and pressure there. She then worked periodically from 1964 to 1968 for two to three weeks a year at Comp-O-Co operating a comptometer. She left this position when the woman she worked for ceased doing business. Plaintiff then worked in January and July, 1971 and February, 1972, at Hinkel's, Incorporated, operating a comptometer during inventory. Plaintiff stated that she had neither sought nor been given any vocational rehabilitation.

The plaintiff's husband, Mr. Leo L. Bean, corroborated the testimony of his wife. He stated that she has not been as strong as she was before the gallbladder operation; that she does not eat as well; and that, in his opinion, she could not work regularly.

Based upon the foregoing evidence, the Secretary determined that the plaintiff was not under a "disability" as defined in the Social Security Act, 42 U. S.C. § 423(d), on or before September 30, 1970, the last day she met the earnings requirement for insured status. The defendant has moved for summary judgment, claiming that the decision is supported by substantial evidence.

■ Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon this Court if supported by substantial evidence. Richardson v. Perales, 402 U. S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Trujillo v. Richardson, 429 F 2d 1149 (10th Cir. 1970); Taylor v. Secretary of Health, Education and Welfare, 362 F.Supp. 952 (D.Kan.1973). The scope of our review is therefore rather limited. As noted in Johnson v. Finch, 437 F.2d 1321 (10th Cir. 1971):

"Needless to say, the judges of this court do not sit as a super trial court empowered to make our own determination whether appellant is disabled within the meaning of the Act. That is true regardless of how we would have decided the issues had we constituted the fact finding tribunal. On the contrary, 42 U.S.C. § 405(g) restricts judicial review stating: 'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . .'"

After carefully reviewing the Secretary's decision in this case, the Court is satisfied that it is supported by substantial evidence. Accordingly, summary judgment is in order.

■ The plaintiff does suffer from epilepsy—of this there is little doubt. Nevertheless, the courts have denied disability insurance benefits to numerous claimants despite the fact they were epileptic. Trujillo v. Richardson, 429 F. 2d 1149 (10th Cir. 1970); King v. Gardner, 370 F.2d 652 (6th Cir. 1967). It is the extent and severity, and not the

mere existence, of epilepsy which is controlling.

In the plaintiff's case, the evidence clearly established that her condition was well controlled by medication. She has not had a grand mal seizure ed that she had not had a generalized convulsion since 1962. If an impairment can be remedied by treatment, it cannot serve as a basis for a finding of disability. Section 404.1507 of Regulations No. since 1966, and Dr. Schweinfurth report-4 of the Social Security Administration, 20 C.F.R. § 404.1507; Stillwell v. Cohen, 411 F.2d 574 (5th Cir. 1969); Whaley v. Gardner, 374 F.2d 9 (8th Cir. 1967). In addition, the plaintiff has been inflicted with this condition since her youth, but has nonetheless been able to engage in substantial gainful activity for many years.

The plaintiff is also suffering some after-effects of gallbladder surgery, including excessive gas and the inability to belch. She testified that these symptoms would become aggravated during periods of stress, and that she would tire easily. None of the medical evidence indicated that plaintiff's anxiety or adverse reactions under stress were so severe as to be disabling. Plaintiff testified that she does not take medication for this condition, but that her doctor has restricted her diet to help alleviate the problem. The plaintiff's complaints are not substantiated by clinical and laboratory findings, but rather appear to be primarily subjective in nature. As such, they do not support a finding of disability. Jeralds v. Richardson, 445 F.2d 36 (7th Cir. 1971); Toledo v. Secretary of Health, Education and Welfare, 308 F.Supp. 192 (D.P.R. 1970), aff'd 435 F.2d 1297 (1st Cir. 1971).

The only real evidence tending to establish a disability claim consists of the statement of Dr. Little that the plaintiff is unable to hold down a steady position because under stress the medi-cation does not control her anxiety states. Dr. Little does not base his opinion upon clinical or laboratory findings, but rather upon the plaintiff's employment experiences as she related them to him.

The weight to be given to medical opinions is set forth in 20 C.F.R. § 404.-1526:

"The function of deciding whether or not an individual is under a disability is the responsibility of the Secretary. A statement by a physician that an individual is, or is not, 'disabled,' 'permanently disabled,' . . . 'unable to work,' or a statement of similar import, being a conclusion upon the ultimate issue to be decided by the Secretary, shall not be determinative of the question of whether or not an individual is under a disability. The weight to be given such physician's statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments."

In accordance with this regulation, the Secretary is not to merely rely upon opinions, but rather must independently evaluate the clinical findings upon which the opinions are based. The emphasis is upon the underlying medical data—not the conclusions drawn therefrom. Thus, although the opinion of a physician is entitled to some weight, it is by no means conclusive. Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971); Brock v. Finch, supra; Covey v. Celebrezze, 235 F.Supp. 871 (W.D.Mo.1964).

The record discloses that the Secretary did take Dr. Little's opinion into consideration in reaching his final decision. Based upon the plaintiff's past employment record, the relative severity of her condition, and the lack of medical data supportive of a finding of disability, however, the Secretary reached a different conclusion than Dr. Little.

Where, as here, there are conflicts in the evidence, or in the reasonable inferences to be drawn therefrom, it is for the Secretary, and not the Court, to resolve them. Brock v. Finch, *supra.* After examining the record, the pleadings, the transcript of the testimony and the briefs filed by the attorneys, the Court is of the opinion that there is substantial evidence in the record to support the final decision of the Secretary.

The Court certainly sympathizes with the plaintiff's condition. Unfortunately, many citizens are forced to bear a similar or even more exacting burden because of physical handicaps. Nevertheless, just as the plaintiff, these citizens have to a large extent overcome their handicaps and lived normal and fulfilling lives. To afford disability benefits to all such citizens simply because of their handicaps, rather than because of documented inability to engage in substantial activity, would, however, discourage them from overcoming their disabilities and run counter to the Congressional intent in promulgating the statutes.

■ In this instance, although the evidence established plaintiff's difficulty in obtaining steady employment, there was insubstantial evidence that the plaintiff was physically incapable in engaging in substantial gainful activity. An individual's unemployment for reasons other than the presence of a disabling impairment does not constitute a proper basis for the award of social security benefits. 42 U.S.C. § 423(d)(2)(A); section 404.1502(b) of Regulations No. 4 of the Social Security Administration, 20 C.F.R. § 404.1502(b); Whiten v. Finch, 437 F.2d 73 (4th Cir. 1971). Accordingly, defendant's motion for summary judgment is sustained.

It is therefore ordered that the defendant's motion for summary judgment should be, and the same is hereby, granted. This action is accordingly dismissed with prejudice.