**Hilma B. KAGAN, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. KC–3415.**

United States District Court,
D. Kansas.

June 28, 1974.

Sheldon M. Crossette, Cooke, North, Crossette & Dickson, Prairie Village, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., James A. Pusateri, Asst. U. S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This is a proceeding under Title II of the Social Security Act, as amended, 42 U.S.C. § 401 et seq. Section 405(g) provides for judicial review of a "final decision" of the Secretary of Health, Education and Welfare. The case is presently before the court on defendant's motion for summary judgment.

On August 6, 1970, plaintiff filed her application to establish a period of disability under § 416(i) of the Act and to obtain disability insurance benefits under § 423. The application was initially denied and, upon reconsideration, was again denied. At plaintiff's request, a hearing was held before an administrative law judge, who determined that plaintiff was not under a disability, as defined in the Act, at any time on or before September 30, 1970, when she last met the earnings requirements of § 416(i). The decision of the administrative law judge was affirmed by the Appeals Council and thus becomes the "final decision" of the Secretary.

Section 223(d)(1) of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than 12 months." Section 223(d)(2)(A) further provides:

"[A]n individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the proceeding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers in the region where such individual lives or in several regions of the country."

The burden of proving such a disability is on the plaintiff. 42 U.S.C. § 423(d) (5); Johnson v. Finch, 437 F.2d 1321 (10th Cir. 1971).

Plaintiff sought review in this court, and, on plaintiff's motion, the case was remanded to the Secretary for taking of additional evidence. The administrative law judge held a hearing in February 1973 for that purpose, attended by plaintiff and her attorney, and it was again determined that plaintiff

was not under a statutory disability. The Appeals Council affirmed, and the matter is now before us on the defendant's motion for summary judgment.

The specific issue before the administrative law judge—and now on review here—is whether, on or before September 30, 1970, plaintiff was unable to engage in substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to last for a period of not less than twelve months. Plaintiff's evidence reveals that she was born in 1911 and that she has a high school education. She allegedly suffers from arthritis, high blood pressure, and a painful lower lip. She testified that she experienced considerable pain in her neck and back due to her arthritic condition. This condition was confirmed by Drs. A. O. and Ruth Sandefur, chiropractors, Dr. Sami Duysak, specialist in internal medicine, and by Dr. Andres Grisolia, an orthopedic surgeon.

Plaintiff did not say exactly how her high blood pressure affected her ability to work. There was, however, some evidence from Dr. Duysak that on one or two occasions she did in fact have an excessively high blood pressure reading.

Plaintiff sustained injuries to her lower lip in an automobile accident in June 1968. She was treated by Dr. Richard C. Ye, a plastic surgeon, but a scar formed on her lip which limited her ability to use her mouth without pain. Dr. John H. Heiser, an oral surgeon, examined plaintiff in July 1972 and recommended that a new set of dentures might ameliorate her condition over a period of time.

Plaintiff's work history consists mostly of general office work, including typing, filing, shorthand and bookkeeping. She also assisted her husband, now deceased, in a jewelry business, and for a short time she operated a thrift store. Up until the automobile accident in 1968, she worked for Employer's Overload in Kansas City. After that, she worked as a telephone solicitor for the Heart Association, for the Kansas City Star, and for the Lake Winnebago Corporation. She stopped working as a telephone solicitor in April 1970 because of the conditions of which she now complains, particularly the pain in her lower lip which was allegedly aggravated by talking for long periods of time. Through the efforts of her sister, she obtained an office job in 1971, but her work was unsatisfactory and she was discharged after a few days. Plaintiff continues to do babysitting for a few hours a week, she collects rent from other tenants in her apartment house, and she helps to care for her elderly parents.

In addition to plaintiff's evidence, a vocational expert, George J. Gutknecht, was present and testified at the hearing before the administrative law judge in February 1973. He stated that plaintiff could perform certain jobs in the national economy which did not require extensive talking and which allowed alternate sitting and standing. Suggested jobs in this category include file clerk, telephone answering service (where conversation is not continuous), telephone order clerk, personnel clerk, posting clerk, mail clerk, and credit check or sales clerk.

Based upon the foregoing evidence the Secretary determined that the plaintiff was not under a "disability" on or before September 30, 1970. Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon this court if supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Trujillo v. Richardson, 429 F.2d 1149 (10th Cir. 1970); Taylor v. Secretary of Health, Education and Welfare, 362 F.Supp. 952 (D.C.Kan.1973). Our review is therefore of limited scope.

■ Plaintiff has clearly established that she suffers from arthritis in her neck and back. Nevertheless, arthritis is not disabling in and of itself. Woods v. Finch, 428 F.2d 469 (3rd Cir. 1970). The severity of her condition on or before September 30, 1970, and the pain

associated with it are matters which in our view plaintiff has not shown to be disabling. The only medication plaintiff takes is six aspirins or anacins a week. She is able to move about without any canes, braces, or other assistance. She continues to do light tasks such as babysitting and knitting. The medical evidence, while showing osteoporosis, osteoarthritis, and scoliosis of the spine, is conflicting and inconclusive as to the extent of plaintiff's disability. In any event, we believe that there is substantial evidence in the record as to this condition from which the Secretary could and did conclude that plaintiff was capable of engaging in substantial gainful activity prior to September 30, 1970. Moreover, we do not think, as counsel for plaintiff suggests, that further medical evidence would enlighten the court any further, but would merely be cumulative.

Plaintiff's evidence showed that on one or two occasions her blood pressure readings were excessively high. In each instance, however, her blood pressure returned to a more normal level with medication, and no recurrence of the condition was indicated. We therefore are of the opinion that there is substantial evidence to support the Secretary's determination that plaintiff's high blood pressure is not disabling under the Act.

■ Finally, plaintiff showed that she suffers from some discomfort because of a scar on her lower lip, the result of lacerations received in an automobile accident in 1968. The medical evidence offered by Dr. Heiser indicates, however, that this condition could be remedied with treatment, which plaintiff has refused or neglected to avail herself of. It is not therefore a condition which can serve as a basis for a finding of disability. Section 404.1507, Regulation No. 4 of the Social Security Administration, 20 C.F.R. 404.1507. The plaintiff's complaints appear to be primarily subjective in nature, and we think that the Secretary properly determined from substantial evidence that the plaintiff's lower lip is not disabling under the Act.

■ The court certainly sympathizes with plaintiff's ailments. Unfortunately, many citizens are forced to bear a similar or even more exacting burden, and yet there are, as Mr. Gutknecht explained, jobs in the national economy which they can and do perform. Congress intended that only those with a documented inability to engage in substantial gainful activity should be eligible for disability benefits. After carefully reviewing the whole record, including the new evidence offered upon our remand of the case, the court concludes that plaintiff has not met the burden of proving her disability under the Act and that there is substantial evidence to support the final decision of the Secretary. Accordingly,

It is ordered that the defendant's motion for summary judgment should be, and is hereby, sustained. This action is dismissed with prejudice.