Leroy E. EVERITT, Plaintiff,

v.

Caspar H. WEINBERGER, Secretary
Health, Education and Wel-
fare, Defendant.

Civ. A. No. T–5453.

United States District Court,
D. Kansas.

May 7, 1975.

Keeth R. Jones, Pittsburg, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Roger K. Weatherby, Asst. U. S. Atty., for defendant.

## MEMORANDUM OF DECISION

TEMPLAR, Senior District Judge.

This is a proceeding under Title II of the Social Security Act, as amended, 42 U.S.C.A. § 401 et seq. Section 405(g) provides for judicial review of a "final decision" of the Secretary of Health, Education and Welfare.

The plaintiff filed an application for a period of disability and for disability insurance benefits on November 1, 1971, alleging that he became unable to work on November 6, 1969, at age 50. The application was denied initially and on reconsideration by the Social Security Administration.

At the plaintiff's request, a hearing was held on February 13, 1973. The administrative law judge, before whom the plaintiff appeared, considered the case *de novo*, and on May 11, 1973, found that the plaintiff was not under a disability. The administrative law judge's decision became the final decision of the Secretary of Health, Education and Welfare, when the Appeals Council approved the decision on August 15, 1973.

■ In a proceeding of this nature, the claimant has the burden of proving disability by a fair preponderance of the evidence. *Johnson v. Finch*, 437 F.2d 1321 (10th Cir.); *Bean v. Secretary of Health, Education and Welfare* [*Weinberger*] 374 F.Supp. 336 (1974) (Theis, J.)

■■ Establishment of disability is a two-step process. First, there must be a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. Second, there must be a factual determination that the impairment renders the plaintiff unable to engage in substantial gainful employment. 42 U.S.C.A. §§ 416(i)(1) and 423(d)(1)(A). Although plaintiff suffered from arthritis and possibly chronic sprain to his spine, the medical evidence failed to establish that plaintiff had an impairment or combination thereof severe enough to prevent him from engaging in any substantial activity for a continuous period of 12 months as required by the Social Security Act. 42 U.S.C.A. §§ 416(i)(1) and 423(d)(1)(A). Evidence of a mental or physical impairment is not enough to warrant an award of disability insurance benefits without a demonstration that plaintiff is precluded from engaging in any substantial gainful activity by reason of the impairment. *Branch v. Finch*, 313 F.Supp. 337 (D.C.Kan.)

A review of the evidence before the administrative law judge, which resulted in his determination that claimant was not entitled to a period of disability or disability insurance benefits under Sections 216(i) and 223 respectively, of the Social Security Act, as amended, by the Appeals Council, after which it concluded that the determination and decision of the administrative law judge's decision was correct, stands as the final decision of the Secretary.

This Court has had occasion to consider the issue now before it. The question is, "Was the Secretary's determination supported by substantial evidence?" In the case of *Branch v. Finch*, *supra*, it was said at 348:

"The Secretary's determination is final if supported by substantial evidence. Any conflicts in the evidence or in reasonable inferences to be drawn therefrom is for the Secretary and not for the Court to resolve. Even if there is only a slight preponderance of evidence on one side or the other the Secretary's findings must be affirmed. See *Ferrell v. Gardner*, 260 F.Supp. 996 (S.D.W.Va.1966)."

A summary of the evidence considered by the Secretary in denying plaintiff's claim is as follows:

Dr. Friggeri reported in June, 1970, that plaintiff had no limitation of motion of his neck or shoulders or his back. He diagnosed plaintiff's condition as a strain of the dorsal spine. Dr. Chase concurred in this diagnosis and felt the prognosis was good.

Dr. Buckles, a chiropractor, in May, 1970, found a marked loss of flexibility in plaintiff's spine and an increased kyphosis was noted in the dorsal spine. An X-ray revealed a lateral leaning to the right of the upper dorsal and cervical spine. Dr. Buckles felt plaintiff's con-

dition had improved but that he could not make a prognosis.

Dr. Rinehart, in December, 1970, reported some limitations of motion in the neck and back. X-rays revealed osteoarthritis.

Dr. Hurst, an orthopedic surgeon, reported in February, 1971, only slight limitation of plaintiff's back. X-rays of plaintiff's cervical spine did not reveal any abnormality or arthritic condition and X-rays of the lower dorsal and upper lumbar spine showed only very slight wedging of D–11. Dr. Hurst's conclusion was that plaintiff did not have sufficient orthopedic involvement to keep him from being gainfully employed.

Dr. Dunlap, an osteopath, treated plaintiff from May, 1971 to October, 1971, only with ultrasound and osteopathic treatment for backaches and headaches.

Dr. Ise, an orthopedic surgeon, diagnosed plaintiff's condition in December, 1971, as chronic ligamentous strain to his spine. X-rays were normal and Dr. Ise's opinion was that plaintiff should not be considered disabled and that he could be gainfully employed.

Dr. Bruso treated the plaintiff for whiplash and Scalenue Antecus Syndrome from November, 1969 to May, 1972.

Dr. Clough, a neurosurgeon, diagnosed plaintiff's condition as chronic lumbosacral strain in November, 1972.

█ None of the above diagnosis, X-rays, or other findings indicate an impairment severe enough to be disabling. Both of the orthopedic surgeons felt plaintiff was not disabled. Also, any conflict in the medical evidence is for the Secretary as the trier of facts to resolve. *Celebrezze v. Bolas*, 316 F.2d 498 (8th Cir. 1963).

The mere fact that plaintiff has some arthritis, as mentioned in the medical evidence, is not sufficient to establish a disability within the meaning of the Act. *Ferris v. Ribicoff*, 205 F.Supp. 178 (S.D.W.Va.1962).

█ Plaintiff has complained of pain; however, the weight of medical evidence does not reveal the pain to be disabling. While pain may be disabling, plaintiff's assertions of pain do not foreclose attack on the credibility of such evidence. In *Dvorak v. Celebrezze*, 345 F.2d 894 (10th Cir. 1965), the court said in pertinent part at 897:

"These principles do not require that disability benefits must be awarded whenever there is a subjective showing that a man cannot work because he hurts."

Moreover, plaintiff demonstrated his ability to engage in substantial gainful activity by his part-time employment from May, 1971 to July, 1972, and his ability to do woodworking. Further, plaintiff's arguments as to the relation between the minimum wage and disability under the Act are clearly erroneous. Section 404.1534(b) of Regulations No. 4 of the Social Security Administration, 20 C.F.R. 404.1534(b), states that if an individual earns in excess of $140 a month, his activity shall be deemed to demonstrate his ability to engage in substantial gainful activity. Sections 404.1532 and 1533 set out the definitions and give examples of substantial gainful activity and they specifically state that part-time work, where the person performs significant duties, as claimant herein did, tends to show an ability to engage in substantial gainful activity. *De Nafo v. Finch*, 436 F.2d 737 (3rd Cir. 1970); *Price v. Richardson*, 433 F.2d 347 (5th Cir. 1971). Plaintiff earned between $38 and $62 per week while employed from September, 1971 to May, 1972, and he earned between $48 and $72 per week from May to July, 1972.

Although the plaintiff was hospitalized in October and November, 1970, for his neurotic complaints, there was no evidence to show that he had a severe mental impairment, and he responded to conservative treatment.

The Court has carefully examined the record in this case and concludes that the findings of the Secretary are sup-

ported by substantial evidence, and the Court is persuaded that the plaintiff's impairment is not of sufficient severity as to be disabling within the meaning of the Social Security Act.

For these reasons, the Court must conclude that the decision of the Secretary must be affirmed, the motion of the defendant for summary judgment is granted, and the complaint be dismissed.

It is so ordered.