38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry L. GIBBS, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,
Defendant-Appellee.
 No. 94-6181.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Terry L. Gibbs appeals from a district court judgment affirming the Secretary of Health and Human Services' denial of claimant's application for social security disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Claimant's applications were denied on initial consideration and on reconsideration. Claimant then requested and was afforded a hearing before an administrative law judge (ALJ). The ALJ concluded claimant was not disabled and denied benefits. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. See, e.g., Campbell v. Bowen, 822 F.2d 1518, 1520 (10th Cir.1987). The district court, adopting the magistrate judge's report and recommendation, affirmed. Our jurisdiction arises under 28 U.S.C. 1291.
 
 
 3
 On appeal Mr. Gibbs has submitted a handwritten brief which, as nearly as we can deduce, merely reasserts he is entitled to benefits because there is insufficient evidence to support the ALJ's conclusion that claimant is not disabled. Claimant also contends that the ALJ failed in his duty to develop the record fully and that the district court arbitrarily applied local court rules. We disagree and affirm.
 
 
 4
 We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." Pacheco v. Sullivan, 931 F.2d 695, 696 (10th Cir.1991). "We must determine whether the Secretary's decision of nondisability ... is supported by substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ' " Williams v. Bowen, 844 F.2d 748, 750 (10th Cir.1988) (quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir.1983) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971))). In reviewing the Secretary's decision, we cannot weigh the evidence or substitute our discretion for that of the Secretary, but we have a duty to carefully consider the entire record and make our determination on the record as a whole. Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).
 
 
 5
 The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). The Secretary has established a five-step sequential process to determine if a claimant is disabled. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir.1988) (listing the steps); 20 C.F.R. 404.1520 (1994). If a claimant is determined to be disabled or not disabled at any step, the evaluation process ends there. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir.1989). The burden of proof is on the claimant through step four; then it shifts to the Secretary. See id. (quoting Ray v. Bowen, 865 F.2d 222, 224 (10th Cir.1989)).
 
 
 6
 Mr. Gibbs, the claimant here, is a thirty-seven-year-old man with a high school education. He claims disability since July 27, 1991, due to arthritis in his left hip. In December 1991, claimant had a total hip arthroplasty, which he claims resulted in continuing medical treatment and pain.[2] The ALJ, however, determined at step five of the sequential evaluation process that claimant was not disabled. Step five requires the Secretary to demonstrate that, although the claimant is unable to perform his "past relevant work," 20 C.F.R. 404.1520(e) (1994), claimant "retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy.' " Turner v. Heckler, 754 F.2d 326, 328 (10th Cir.1985) (quoting Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984)). The ALJ considered all of the evidence of record and found that, despite claimant's alleged pain and continuing treatment, he had the residual functional capacity to perform a limited range of work at the light and sedentary exertional levels. In meeting the Secretary's burden of showing there were other jobs in the national economy that claimant could perform, the ALJ properly relied on the testimony of a vocational expert. See Johnson v. Finch, 437 F.2d 1321, 1324 (10th Cir.1971). As both the record and magistrate judge's recommendation reflect, the vocational expert identified several thousands of jobs in the national economy that claimant could perform given his background and ability to perform a limited range of light and sedentary work. R. Vol. I, doc. 26 at 6; R. Vol II at 99-101, 103. We have carefully reviewed the record and for the reasons stated above, as well as those contained in the magistrate judge's recommendation dated March 23, 1994, which the district court adopted, we agree with the district court and conclude that substantial evidence supports the Secretary's decision.
 
 
 7
 Claimant also contends the ALJ failed in his duty to develop the record fully. "It is well-established that a Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, "to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." ' " Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (quoting Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir.1987) (quoting Heckler v. Campbell, 461 U.S. 458, 471 n. 1 (1983) (Brennan, J., concurring))). In determining whether the ALJ has met his obligation to fully develop the record, the length or brevity of the benefits hearing is not dispositive. See Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir.1992). "[T]he more important inquiry is whether the ALJ asked sufficient questions to ascertain (1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities." Id. at 1375. Claimant's legal representative at the time of the administrative hearing, as well as the ALJ, questioned claimant regarding his current condition and alleged impairments, R. Vol. II at 47, 53, 56-60, his surgery and physical condition precipitating his current impairments, id. at 48-53, 82, his recent medical treatment and medication, id. at 54-56, 66-67, 71-72, his pain, id. at 49, and his daily activities, id. at 60-66, 71, 73-77. Consequently, we are satisfied that the ALJ fulfilled his duty to develop the record.
 
 
 8
 Finally, we disagree with claimant's contention that the district court arbitrarily applied its local rules. Local District Court Rule 14 did not require the district court to deem claimant's objections to the magistrate judge's recommendation "confessed" even though the Secretary did not reply. The district court's ruling, prior to the expiration of the time period for filing a response, obviated the need to reply. Furthermore, what is important here is not that the district court ruled on the matter before the Secretary's response, but rather that in deciding to adopt the magistrate judge's recommendation, the district court expressly addressed each of claimant's objections and found them to be without merit.
 
 
 9
 We conclude that the Secretary's decision is both free from legal error and supported by such evidence as a reasonable mind might accept as adequate. AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The details of these complaints, as well as the relevant medical evidence, are thoroughly recounted in the decision of the ALJ, see R. Vol. II at 24-31, discussed further in the recommendation of the magistrate judge, see R. Vol. I, doc. 26, and need not be repeated in detail