**Lillian S. KLEIN, Plaintiff,**

v.

**Wilbur S. COHEN, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 67–952–J.**

United States District Court
D. Massachusetts.

Sept. 25, 1969.

**276**

Conrad W. Fisher, T. Philip Leader, Fisher & Helfenbein, Worcester, Mass., for plaintiff.

Herbert F. Travers, Jr., U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., for defendant.

## MEMORANDUM OF DECISION AND ORDER

JULIAN, District Judge.

The plaintiff brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of that part of the final deci-

sion of the defendant which held the plaintiff ineligible to receive payment of monthly disability insurance benefits under 42 U.S.C. §§ 416(i) and 423(c) (2)[1] for the months prior to September 1965.

The plaintiff filed her application for disability benefits on April 3, 1962. The application was denied and plaintiff requested and was granted a hearing before a hearing examiner. After an evidentiary hearing on the application the examiner rendered a decision dated January 17, 1963, in which he made the basic finding that her impairments did not render her unable to engage in substantial gainful activity. Accordingly he held that she was not entitled to a period of disability or to disability insurance benefits for which she had applied. Plaintiff requested the Appeals Council for a review of the hearing examiner's decision. On July 19, 1963, the Appeals Council notified plaintiff that it had denied her request for review, advised her that the examiner's decision was the final decision of the Secretary on her claim and that if she desired judicial review of the decision she had 60 days from date of the notice in which to commence a civil action in the United States District Court. Plaintiff took no further action with respect to her application of April 3, 1962.

On September 27, 1965, plaintiff again applied for disability benefits. The application was denied. At plaintiff's request a hearing was held on August 17, 1966. The hearing examiner secured additional documentary evidence, took additional testimony, and rendered a decision dated October 31, 1966, in which he found that plaintiff had become disabled from engaging in substantial gainful activity beginning August 1959 and con-

[1]. 42 U.S.C. § 423(c) (2) defined "disability" to mean "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

This section was made more specific by an amendment of July 30, 1965, which changed the definition in pertinent part to read, " * * * which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

tinuing through May 1966. He ruled that the plaintiff had established that she had been disabled within the meaning of the Act as amended on July 30, 1965. He further ruled that plaintiff's rights to disability benefits under the Act as it read before the 1965 amendment were determined by the final decision on her application of April 3, 1962, and that there appeared to be no good cause to reopen and revise such decision. Accordingly, he held that although plaintiff was disabled within the meaning of the Act as amended in 1965, she was not disabled within the meaning of the Act as it read before the 1965 amendment. The hearing examiner's decision was affirmed by the Appeals Council on October 26, 1967, and became the final decision of the Secretary. Plaintiff commenced this action within the time allowed by the statute. The result of the decision of the Secretary is to make plaintiff ineligible to receive insurance benefits for the months prior to September 1965, which she would be entitled to receive if her disability were to be established in accordance with the provisions of the Act before they were amended in 1965.

In the decision of January 17, 1963, the hearing officer found that plaintiff's disorders had "not been of such severity as to preclude all substantial gainful activity," and that plaintiff had "failed to establish persuasively that she was under a disability within the meaning of the Act at any time here pertinent."

In the decision by the same hearing officer dated October 31, 1966, affirmed by the Appeals Council on October 26, 1967, and now before me for review, the finding is that the plaintiff's inability to engage in substantial gainful activity by reason of her impairments began in August 1959 and continued through May 1966,—a period of nearly seven years. This finding is supported by substantial evidence.

Thus the finding of fact in the later decision on the crucial issue of plaintiff's disability is in direct conflict with the finding in the earlier decision. Yet, despite this irreconcilable conflict,

the hearing officer and the Appeals Council find that "there appears to be no good cause to reopen and revise such [the earlier] decision." It is difficult to conceive of a better reason for reopening the earlier decision than to correct a finding of fact of vital importance which has been found to be wrong. It is true, as defendant contends, that the decision as to whether an adequate showing of good cause has been made is "a matter addressed to the sound discretion of the administrative agency." Sound discretion, however, imports a judgment based on some substantial reason. It does not consist of a mere arbitrary exercise of the will. Where a strong reason is shown to exist for reopening and revising a decision and such reopening and revision is denied without stating any reason, a serious question arises as to whether such denial can properly be deemed an exercise of sound discretion. The Court finds nothing in the record to support the agency's refusal to reopen and revise the earlier decision so as to make it consistent with the facts found in the later decision on the issue of the existence of plaintiff's disability. No reason for the refusal is suggested in the defendant's brief and none occurs to the Court. It is possible that some reason does exist. If so, it should be determined and disclosed for the record.

The agency found that plaintiff's "impairments lasted for a continuous period of at least 12 months but were not of long-continued and indefinite duration." The agency made the further finding that plaintiff's "inability to engage in substantial gainful activity by reason of her impairments continued from August 1959 through May 1966, but not thereafter." The latter finding is supported by substantial evidence. However, the issue whether the impairments were of long-continued and indefinite duration within the meaning of 42 U.S.C. § 423(c)(2) as it read before the amendment of 1965 was never decided since it was not reached by the hearing officer or the Appeals Council either at the hearing on the application filed April 3,

1962, or at the hearing on the application filed September 27, 1965.

In his "Statement of Applicable Law and Issues" in the later decision, the hearing officer said:

"In view of the prior decision and inasmuch as there appears to be no good cause to reopen and revise such decision, the general issue presented before the Hearing Examiner is limited to whether or not claimant can be found entitled to a period of disability under section 216(i) of the Social Security Act, as amended, and whether she is entitled to disability insurance benefits under section 223 of said Act based on her application filed on September 27, 1965. Specific findings must be made as to whether the claimant was under a "disability", within the meaning of the Act, while special earnings requirements were met.

"The term 'disability', prior to the Amendments of 1965, meant a medically determinable physical or mental impairment which could be expected to result in death or to be of long-continued and indefinite duration. The definition of 'disability' has been revised by the 1965 Amendments to the Social Security Act. It is no longer necessary that an impairment be of long-continued and indefinite duration. Under the revised definition the impairment or impairments must be of the same degree of severity as previously but need only have lasted or be expected to last, for a continuous period of 12 months, or be expected to result in death. No change has been made in the provision that a claimant must meet the special earnings requirements. However, if an individual is found to be disabled only on the basis of the 1965 Amendments, disability insurance benefits cannot be paid prior to September 1965 regardless of the period of disability that might be established.

"Claimant, in order to meet the special earnings requirements in the Act, must have 20 quarters of coverage out of the 40 calendar quarters ending with the quarter of disability. Her earnings record discloses she last met the special earnings requirements on September 30, 1959. In view of the prior decision covering the period through such date, in which the Act in effect prior to the Amendments of 1965 was applied, a determination of claimant's entitlement to the benefits applied for will be limited to whether she could be found to be under a 'disability' within the meaning of the 1965 Amendments on or prior to September 30, 1959, the date on which she last met the special earnings requirements."

This case should be remanded to the Secretary for a determination of the issue of the existence of good cause to reopen and revise the earlier decision. If the earlier decision is eventually reopened and revised it would then be necessary to determine whether plaintiff's disability was of long-continued and indefinite duration within the meaning of 42 U.S.C. § 423(c)(2) as it read before the 1965 amendment. In order to avoid a possible multiplicity of rehearings, both issues should be determined at the same rehearing.

The defendant's motion for summary judgment is denied.

For the reasons above stated it is ordered, pursuant to 42 U.S.C. § 405(g), that the case be remanded to the Secretary and that additional evidence be taken 1) on the issue of whether good cause exists for the reopening and revision of the decision issued on January 17, 1963, on the claim that plaintiff filed on April 3, 1962, and 2) on the issue of whether the impairments which were found by the hearing officer and the Appeals Council to have prevented the plaintiff from engaging in substantial gainful activity beginning August 1959 were of long-continued and indefinite duration within the meaning of 42 U.S.C. § 423(c)(2) before said section was amended in 1965.