**Nina L. VALENTINE, Plaintiff,**

v.

**Elliott RICHARDSON, Secretary of Health, Education and Welfare, United States, Defendant.**

**No. 8573 Civ.**

United States District Court,
D. New Mexico.

Feb. 17, 1971.

Robert M. Schwartz, Albuquerque, N. M., for plaintiff.

Victor R. Ortega, U. S. Atty., Albuquerque, N. M., for defendant.

**MEMORANDUM OPINION**

MECHEM, District Judge.

This matter has come on for consideration on defendant's Motion for Summary Judgment and plaintiff's Reply to Defendant's Motion for Summary Judgment.

Plaintiff, Nina L. Valentine, has brought this action to review the final decision of the Secretary of Health, Education and Welfare that she is not entitled to disability benefits under the Social Security Act because she has failed to establish that she was disabled within the meaning of the Act on or before September 30, 1962, when she last met the special earnings requirements of the Social Security Act for disability purposes.

Plaintiff claims that she became unable to work in October, 1959 due to arthritis of the spine.

The issue to be decided on this review is whether the Secretary's final decision is supported by substantial evidence as required by Section 205(g) of the Social Security Act (42 U.S.C. § 405(g).

A review of the record reflects a failure to resolve certain inconsistencies relating to plaintiff's medical history which may have been prejudicial to her claim. In a Disability Determination and Transmittal dated May 19, 1969 (Exhibit No. 2) reference is made to information furnished in response to a telephone inquiry from Dr. Hensley Johnson, brother of plaintiff's physician Dr. Miles Johnson, regarding Dr. Miles

Johnson's records of his treatment of plaintiff. Dr. Hensley Johnson reported that his brother first saw plaintiff in 1961 and did not see her again until 1966 (Exhibit No. 11). It appears that this information was considered by the hearing examiner in concluding that plaintiff was not under a disability in 1959.

The information provide by Dr. Hensley Johnson was also considered in affirming denial of plaintiff's claim in the Disability Determination and Transmittal dated October 15, 1969 (Exhibit No. 5). The hearing examiner noted that Dr. Johnson had been treating plaintiff since 1961 but stated "However, it is noted that he (Dr. Miles Johnson) did not see her, the applicant, from 1961 to 1966".

The record includes a letter from Dr. Miles Johnson dated September 23, 1969 (Exhibit No. 17) stating that he had been treating plaintiff since 1961 for osteoarthritis of the cervical spine and osteoarthritis of both lower extremities. A medical report completed by Dr. Johnson on May 6, 1969 also states that he first examined plaintiff in 1961, that the frequency of her visits were ten times a year and that the date of impairment preventing work was 1959.

The fact that Dr. Johnson did treat plaintiff on a number of occasions from 1961 through 1966 and thereafter until September 30, 1969 has been substantiated and documented by him in a letter dated January 27, 1971. It appears that no attempt was made during reconsideration of this claim to reconcile these inconsistencies in plaintiff's medical evidence and that such inconsistencies were prejudicial to her allegation of disability commencing in 1959.

The record also indicates that little more than cursory consideration has been given to the affidavits of neighbors and friends who were in a position to observe the status of plaintiff's health during and subsequent to the qualification period. It is my conclusion that the final decision of the Secretary was not based on substantial evidence. Accordingly, it is

Ordered, that defendant's Motion for Summary Judgment is denied and this cause is remanded to the Secretary for taking additional evidence, including evidence relating to the history of plaintiff's treatment by Dr. Johnson and evidence of treatment in 1960 rendered by Doctors Peterson, Tonlin and Vergara.