Nina L. VALENTINE, Plaintiff-
Appellant,

v.

Elliott L. RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 72-1151.

United States Court of Appeals,
Tenth Circuit.

Oct. 27, 1972.

Robert M. Schwartz, Albuquerque, N. M., for plaintiff-appellant.

Robert M. Feinson, Dept. of Justice, Washington, D. C. (Victor R. Ortega, U. S. Atty., Morton Hollander, Dept. of Justice, Washington, D. C., and L. Patrick Gray, III, Asst. Atty. Gen., Albuquerque, N. M., on the brief), for defendant-appellee.

Before SETH, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Nina L. Valentine appeals from the District Court's summary judgment in favor of the Secretary denying her application for disability benefits under 42 U.S.C. § 405(g).

Valentine filed for social security disability benefits on April 18, 1969, alleging that since November of 1959 and until September 30, 1962, when she last met the special earnings requirements, she had been unable to work because of arthritis of the spine. On November 21, 1969 a hearing was held. The hearing examiner determined that Valentine had failed to prove she was disabled. She was denied any benefits. The Appeals Council denied review. The District Court, 324 F.Supp. 206, remanded the case for additional evidence. The Appeals Council then reaffirmed its former decision.

Valentine was 60 years old at the time of the second hearing. She had completed high school and one year of col-

lege. She had worked principally as a saleswoman before she quit in 1958 to care for her disabled husband who had developed multiple sclerosis in 1949. She had been under medical care from October, 1959 until September 30, 1962 for her complaints involving diverticulitis, chest congestion, high blood pressure, infected throat, hypertension, loss of vision in the right eye, arteriosclerotic heart disease, genito urinary infection, osteoarthritis of the cervical spine and knee, severe tension, headaches and mental disturbance.

Valentine contends that the evidence does not support the Secretary's decision that she failed to establish she was disabled within the meaning of the Social Security Act at any time on or before September 30, 1962 when she last met the special earnings requirements of the Act for disability purposes.

■ The Secretary's findings are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Johnson v. Finch, 437 F.2d 1321 (10th Cir. 1971). In order to qualify for benefits, the claimants must establish that they are suffering from an impairment of such severity as to be unable to perform their former work considering their age, education and work experience *or* to engage in other types of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2). Section 423(d)(3) states that:

". . . a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

Dr. M. Robert Klebanoff, a neurological surgeon, examined Mrs. Valentine in August of 1963 for headaches, back pain, blurred vision and a transitory blackout.

He submitted a written report. His examination did not reveal any significant abnormal neurological findings. Dr. Klebanoff reported that Mrs. Valentine was alert, cooperative and oriented and did not appear to be chronically ill. She contacted him soon after she had tripped over a stack of food in a grocery store.

Dr. Miles P. Johnson, a general practitioner, began treating Mrs. Valentine in 1961 for her complaints of osteoarthritis of the spine and knees, high blood pressure, arteriosclerotic heart disease, chest congestion, diverticulitis, loss of vision in the right eye, and hypertension. He submitted a written report concluding that Mrs. Valentine had been unable to work since 1961.

Dr. J. F. Ramseier, a chiropractor, treated Mrs. Valentine for twenty years. His written report stated that she developed arthritis and rheumatism in 1951 and had not been able to carry on a gainful employment since that time for physical and mental reasons, notwithstanding the uncontroverted fact that she was gainfully employed until 1958.

Other doctors treated Mrs. Valentine between 1957 and 1962 for a sprained ankle, hypertension, and obesity. Their written reports did not lend any aid to Valentine's claim of disability as required under the Act.

■ The record supports the Secretary's denial of benefits. Her impairments are not sufficient to establish a compensable disability. She did not prove that they were of such a severity as to prevent her from engaging in any substantial gainful work. None of the written medical reports contained any significant demonstrable medically acceptable clinical and laboratory diagnostic techniques as required by the Act.

Affirmed.