**Kelly C. ANDERSON**

v.

**Caspar WEINBERGER, Secretary, Department of Health, Education and Welfare, Individually and in his official capacity.**

**Civ. No. 73–712–Y.**

United States District Court, D. Maryland.

Aug. 6, 1974.

Dennis M. Sweeney, Dennis W. Carroll, Legal Aid Bureau, Inc., Baltimore, Md., for plaintiff.

Thomas L. Crowe, Baltimore, Md., for defendant.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff, Kelly C. Anderson, originally injured in a farm accident on August 15, 1958, appeals the denial of a period of disability and disability benefits by the Appeals Council of the Social Security Administration. As a result of his injury, plaintiff had to undergo several back operations and suffered substantial loss of function. In 1964, plaintiff applied with the Social Security Administration for disability insurance benefits and his application was denied in September, 1964, by the Bureau of Disability Insurance. Plaintiff made no request for further administrative proceedings at that time.

By the end of 1967 the plaintiff had sufficiently recovered to return to work. However, he reinjured his back in an accident in August, 1970, and in December

of that year he filed a second claim for disability benefits for the entire period after his injury in 1958. In June, 1972, an administrative law judge of the Social Security Administration ruled that the plaintiff had established a period of disability for two closed periods, that is, for a period commencing August 15, 1958, and extending to December 31, 1967, and a second period commencing August 1, 1970, and extending to May 20, 1972. The administrative law judge's decision was in contradiction of the denial of benefits in 1964.

Subsequently, the Appeals Board of the Social Security Administration, on its own motion, reviewed the determination of the administrative law judge and reversed it as to both closed periods of disability. As to the first closed period, the Board found that plaintiff had failed to request reopening of the 1964 denial within the periods established by the applicable regulation. *See* 20 C.F.R. § 404.957. The Board then noted that the plaintiff had last met the special insured status requirement for benefits on June 30, 1963. Plaintiff would be entitled to a period of disability commencing after that date only if the termination of the specially insured status were tolled by establishment of a period of disability for a period prior to June 30, 1963. Although the Board recognized that plaintiff had in fact been disabled within the meaning of the Social Security Act prior to June 30, 1963, *i.e.*, from August 15, 1958, to December 31, 1967, his period of disability for that time had been disallowed by the Board in the earlier section of its opinion. The second period of disability therefore would also be disallowed. It is from this decision of the Appeals Board that plaintiff has appealed to this Court.

The regulations of the Social Security Administration provide as follows: "An initial, [revised] or reconsidered determination of the Administration * * * which is otherwise final under § 404.908, § 404.916, § 404.940 or § 404.951 may be reopened:

(a) Within 12 months from the date of the initial determination * *

(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination * * * upon a finding of good cause for reopening such determination * * *

or

(c) At any time when * * *

(8) Such initial [revised], or reconsidered determination * * * is unfavorable, in whole or in part, to the party thereto but only for the purpose of correcting clerical error or error on the face of the evidence on which such determination is based." 20 C.F.R. § 404.957.

A threshold question presented to the Court is whether a decision by the Secretary not to reopen a prior determination is judicially reviewable. The Fourth Circuit has not as yet addressed itself to this problem although in Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir. 1971), reference is made to Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1971), for a discussion of reviewability. *Cappadora* held that review of a denial of reopening was not permitted by the review provisions of the Social Security Act, 42 U.S.C. § 405(g). However, judicial review was authorized under section 10 of the Administrative Procedure Act, 5 U.S.C. § 706, of agency actions which were found to be "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; * * * *." *Id.* at § 706(2)(A). It was held that denial of the reopening of a Social Security disability determination is subject to review under section 10 of the Administrative Procedure Act for abuses of discretion. *See* Maddox v. Richardson, 464 F.2d 617 (6th Cir. 1972); Davis v. Richardson, 460 F.2d 772 (3rd Cir. 1972). *But see* Stuckey v. Weinberger, 488 F.2d 904 (9th Cir. 1973).

The plaintiff has long exceeded the one year and four year reopening peri-

ods provided respectively by 20 C.F.R. § 404.957(a) and (b). The questions for this Court therefore are (1) whether there was such an "error on the face of the evidence" in the 1964 denial of benefits as to justify a reopening of the earlier application, and (2) whether the denial of such reopening constituted such an abuse of discretion as to permit this Court to grant the relief requested.

The initial ruling rested on numerous misinterpretations of the medical and other evidence produced at this early stage of the proceedings The agency examiner found that the plaintiff had only a moderate loss of function, that the plaintiff had walked briskly and with no limp at a meeting with a field employee of the agency, that the plaintiff had been performing various and strenuous tasks around his farm, that he previously had been employed in a supervisory position, and that his ailments would not preclude his employment in positions similar to those he had previously held such as farm manager or truck driver. None of these conclusions can find support in the evidence available to the state agency.

1. *Loss of Function:*

The agency had medical reports from Drs. Brooks and Harrison dating back to 1958 which gave details as to plaintiff's medical history. Both doctors reported that plaintiff suffered from considerable pain and discomfort and limitations on his movements. A letter from Dr. Harrison to Dr. Brooks of April 9, 1964, which was available to the disability determination team prior to the denial states that: "He finds it difficult to sleep now and his physical activity is severely restricted so that he is unable to perform any useful work. The examination is not changed much since I saw him two years ago." The letter also reports stiffness in the back and difficulties in straight leg lifting. Both doctors agreed that plaintiff was disabled during the entire period in question.

■ The agency determination instead relied almost exclusively on the medical examination performed by Dr. Polcyn, an agency consultant, who found only a small loss of function. However, Dr. Polcyn also concluded that plaintiff's pain could only be explained by one of two possibilities, that plaintiff suffered from arachnoiditis, *i.e.*, inflamation of spinal tissue, or that he had a large herniated lumbar intervertebral disc. Dr. Polcyn concluded his report with the comment that "Although the patient could be considered as disabled at this time, I feel that he definitely warrants further investigation * * ". Thus, in the face of two definite medical opinions that plaintiff was disabled and one equivocal medical finding, the agency found no disability. The agency decision makes no mention of pain despite repeated concern on the part of all three examining physicians as to plaintiff's considerable pain. Subjective pain is a factor which must be considered in a disability determination. *See* Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962).

2. *Walking Briskly:*

After reciting the medical evidence, the decision stated: "It is also noted from the district office interview that the wage earner walked briskly with no limp at the interview." It was error for the agency to have considered this offhand statement which appeared in the report of the district interview. It is remarkable that the agency would mention this incident, while ignoring the reports submitted by either of the two physicians who had examined and treated plaintiff over the course of six years. Furthermore, while it saw fit to note this comment from the interview report, the agency ignored the further comment in the same report that the plaintiff appeared bent at the waist when he got up after a one-hour interview.

3. *Strenuous Work Around the Farm:*

■ The plaintiff indicated in the district interviews that he had worked

a small farm after his accident. He was able to do so, however, only with the substantial assistance of his family. The farm just barely covered expenses and certainly did not constitute a gainful activity. *Cf*. Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969).

Plaintiff also mentioned that he was only able to work for short periods. On one occasion he carried a full bucket fifty feet and had to spend a week in bed afterwards. At another time he took three months to put new flooring into his house. This evidence did not support any inference that the plaintiff was capable of performing "strenuous work around the farm."

4. *Supervisory Work*:

The agency noted that plaintiff had been a "farm manager" and therefore had supervisory experience. This finding is based exclusively on a comment in the district interview that plaintiff had worked as a "tenant farmer or farm manager." There is no indication that "farm manager" is a supervisor of any sort.

5. *Availability for Employment*:

The agency's final conclusion was that plaintiff would be able to perform tasks for which he was qualified by previous experience, such as farm supervisor, bus driver and truck driver. As noted *supra*, the medical evidence available to the agency gave no support to the finding.

■ The denial of disability benefits in 1964 constituted error on the facts sufficient to justify a reopening. *See, e.g.*, Grose v. Cohen, *supra*; Muncey v. Weinberger, CCH, UIR 17, 234 (S.D. W.Va. 1973); Rowe v. Richardson, CCH, UIR 16, 998 (S.D. Ohio 1972); Polansky v. Richardson, 351 F.Supp. 1066 (E.D.N.Y. 1972); Klein v. Cohen, 304 F.Supp. 275 (D.Mass. 1969).

■ The Court must determine if the refusal to reopen the 1964 determination is an abuse of discretion. Such a determination must rest on an analysis of the agency's interests in administrative

finality and the plaintiff's interests in securing benefits to which he may be entitled.

The decision of the Fourth Circuit in Grose v. Cohen, *supra*, is instructive. *Grose* dealt with a Social Security Administration claim of *res judicata* in a disability determination case. Although *res judicata* and reopening are distinct in theory, they are closely related in practice, and the same policies of administrative finality are served by each. The court in *Grose* found that errors had been made on the face of the evidence, specifically the Secretary had attributed all of the income earned from a newspaper delivery service to the claimant despite the substantial assistance in operation of the business provided by the claimant's family. In remanding the case, the court said: "*Res judicata* of administrative decisions is not encrusted with the rigid finality that characterizes the precept in judicial proceedings. * * * Application of the doctrine often serves a useful purpose in preventing relitigation of issues administratively determined, * * * but practical reasons may exist for refusing to apply it, * * * and in any event, when traditional concepts of *res judicata* do not work well, they should be relaxed or qualified to prevent injustice." *Id*. 406 F.2d at 824–825. (Citations omitted.)

■ The plaintiff's case presents a clear instance of principles of administrative finality failing to work well. The Appeals Board itself has recognized that plaintiff was disabled during both closed periods and that he failed to receive the benefits to which he was entitled. As was noted in Klein v. Cohen, *supra*, in a similar case: "It is difficult to conceive of a better reason for reopening . . . than to correct a finding of fact . . . found to be wrong." *Id*. 304 F.Supp. at 277.

Further, the competing principle of administrative finality is particularly weak in this case. Plaintiff's case was not fully litigated, but was decided at

the first level of the administrative proceedings. The agency, therefore, had not expended the considerable time, effort and expense in establishing non-eligibility which might have made administrative finality a serious consideration. Additionally, the initial decision itself was not the sort of thorough and expert analysis which would command the Court's respect, but was a careless effort which the Court and the agency itself recognize to be erroneous. Accordingly, the Appeals Board's refusal to reopen plaintiff's 1964 application was an abuse of discretion, and the decision of the administrative law judge establishing the closed period of disability from August 15, 1958 to December 31, 1967 will be reinstated.

The establishment of the 1958–1967 period of disability resolves the problem of the 1970–1972 period of disability in plaintiff's favor. If plaintiff was not entitled to a period of disability for the 1958–1967 period, his special insured status would terminate on June 30, 1963. Under 20 C.F.R. §§ 404.116(a)(2)(i) and 404.116(b)(2)(i), a claimant must have been insured for at least 20 of the last 40 quarters to satisfy the special insurance requirement. As plaintiff had not been gainfully employed from the time of his accident in 1958, his insurance coverage would ordinarily have lapsed 20 quarters after the commencement of his period of unemployment, that is, in June of 1963. However, 20 C.F.R. 404.116(c) provides that any quarter which is not a quarter of coverage, but which is a quarter within a period of disability is not counted as part of the 40 quarter period for the purpose of determining coverage. As the 39 quarters from August, 1958, through December, 1967, are not counted as part of the 40 quarter period, the commencement of plaintiff's second closed period of disability in August of 1970 falls well within a period of special insurance coverage. Thus, the decision of the administrative law judge establishing a closed period of disability from August 1, 1970, to May 20, 1972, must also be reinstated.

Accordingly, it is this 6th day of August, 1974, by the United States District Court for the District of Maryland Ordered that:

1. Defendant's Motion for Summary Judgment be, and the same is, hereby denied.

2. Plaintiff's Motion for Summary Judgment be, and the same is, hereby granted.