### George E. WRIGHT
### v.
### Caspar WEINBERGER, Secretary Department of Health, Education & Welfare.
### Civ. A. No. M-74-223.

United States District Court,
D. Maryland.

Jan. 17, 1975.

Hyman K. Cohen, Baltimore, Md., for plaintiff.

George Beall, U. S. Atty., and John W. Sheldon, Asst. U. S. Atty., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

This is an action brought under 42 U. S.C. § 405(g) (the Social Security Act) to review a final decision of the Secretary of Health, Education & Welfare, denying plaintiff's claim for disability. The case now comes before the court on the parties' cross motions for summary judgment. Both sides have submitted briefs and the court has concluded that oral argument is not necessary. Local Rule 6.

Plaintiff filed an application for a period of disability and for disability insurance benefits on June 15, 1971 (Tr. 124–127), alleging that he became unable to work on December 9, 1959, at age 33. The application was denied initially (Tr. 128–129) and on reconsideration (Tr. 131–132) by the Bureau of Disability Insurance of the Social Security Administration, after the Maryland State Agency, upon evaluation of the evidence by a physician and a disability examiner, had found that plaintiff was not under a disability (Tr. 171–172, 173). The administrative law judge, before whom plaintiff appeared, considered the case *de novo*, and on August 7, 1972, found that plaintiff was under a disability from the date alleged (Tr. 38). Thereafter the Appeals Council, on its own motion, reviewed the administrative law judge's decision (Tr. 36). In connection with its review of the case,

the Appeals Council conducted a separate hearing at which plaintiff and his attorney appeared (Tr. 64–115). Additional evidence was also placed in the record (Tr. 175–236). Following consideration of all the evidence, the Appeals Council issued a decision which found plaintiff was not under a "disability" within the meaning of the Act (Tr. 5–18). Thus, the decision of the Appeals Council now represents the final decision of the Secretary.

Plaintiff had filed a prior application on April 8, 1963 (Tr. 116–119) which was denied on December 17, 1964 (Tr. 122–123) and not appealed. In its denial of the present application, the Appeals Council specifically ruled there was no basis for reopening and revising that prior determination (Tr. 17).

Plaintiff, who is currently 48 years old, has a fifth grade education and has worked primarily as a bricklayer. In the application which he filed in June, 1971, the disability which he claimed to exist from December, 1959 was alleged to be due to a useless left arm. However, during 1969, 1970, and 1971, he was employed at a restaurant performing a variety of odd jobs. His insured status expired on June 30, 1960.[1]

In denying his claim, the Appeals Council ruled plaintiff's employment from 1969 until 1971 constituted substantial gainful activity and that he was therefore not disabled for any continuous period of 12 or more months starting on or before June 30, 1960, and continuing to within 14 months of the date he filed his June, 1971 application. On this basis the Appeals Council held plaintiff was not entitled to either a period of "disability" or to disability in-

1. Where, as alleged here, a person has a "disability" which occurred after he reached the age of 31, that person does not satisfy the special insured status requirement of the Social Security Act in any month unless he has had at least 20 quarters of coverage (worked the equivalent of five years) during the immediately preceding 40 quarter (10 year) period. 42 U.S.C. § 423(c)(1)(B)(i). The time when the plaintiff worked at the restaurant in 1969, 1970, and 1971 did not total five years, and, therefore, his insured status expired on June 30, 1960. However, 20 C.F.R. 404.116(c) provides that any quarter which is not a quarter of coverage, but which is a quarter within a period of disability, is not counted as a part of the 40-quarter period for the purpose of determining coverage.

surance benefits under 42 U.S.C. §§ 416(i) or 423. Since plaintiff's insured status expired on June 30, 1960, the Social Security Act requires that his inability to engage in substantial gainful activity must have commenced on or before June 30, 1960, and must have continued to within 14 months of the date of the June, 1971 application unless the April, 1963 application could be reopened, in which event the disability must have continued to within 14 months of that earlier date.[2]

The issues now before this court for decision are (1) may the 1963 determination be reopened and revised and (2) is there substantial evidence that plaintiff was able to engage in substantial gainful activity in 1969, 1970, and 1971, thereby preventing him from qualifying for disability insurance benefits?

I

In arguing that the 1963 application for benefits should be reopened, plaintiff first contends that there was "error on the face of the evidence" upon which the denial was based which therefore justifies reopening.[3] 20 C.F.R. 404.-957(c)(8). In response to plaintiff's arguments, defendant maintains that the denial by the Appeals Council of an opportunity to reopen the decision on the first application is not an appealable order, citing Stuckey v. Weinberger, 488 F.2d 904, 911 (9th Cir. 1973); McCunney v. Gardner, 374 F.2d 110 (3d Cir. 1967); and Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963).

It is unnecessary, however, to decide this jurisdictional issue because it does not appear, upon reaching the merits, that the refusal to reopen was erroneous. Plaintiff's position is that the agency's denial letter of December 17, 1964 (Tr. 122–123) "standing alone without supportive documents" is "error on the face."

Plaintiff focuses on his alleged non-receipt of a prior letter requesting him to report for a further medical examination in default of which he was found in 1964 to have no impairment which prevented him from engaging in substantial gainful employment. Assuming, however, that plaintiff did not get the letter and that this is the reason he did not report for further examination, it is clear from the agency's denial letter that the agency decision in 1964 was made on the basis of the evidence then in his file. That evidence consisted of hospital reports (Tr. 146–150), a medical report (Tr. 151–152), and a contact report referred to in the Disability Determination (Tr. 154–155). On the basis of that evidence, judged by the pre-1965 standard of disability then in force (an impairment expected to last for a long and indefinite time) the 1963 application was denied (Tr. 122–123). Plaintiff's contention is that his arm in 1963 was useless, but the loss of the use of an arm, standing alone, is insufficient to establish a disability. Wright v. Gardner, 403 F.2d 646 (7th Cir. 1968); Robinson v. Celebrezze, 326 F.2d 840 (5th Cir.), cert. denied, 379 U.S. 851, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964); Moon v. Richardson, 345 F.Supp. 1182 (W.D.Va.1972). Moreover, the limitation on lifting imposed in 1963 on the plaintiff (Tr. 151) did not mean necessarily that he was precluded from other type work in which heavy lifting was not a requirement. Considering all of these facts, the prior application record does not show on its face error sufficient to justify reopening the prior determination.

2. See footnote 1.

3. Plaintiff cites Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969), for this proposition. *Grose* involved the Secretary's use of a prior denial for disability benefits as *res judicata* upon the claimant's subsequent application for the same. The Fourth Circuit found that the evidence upon which the prior denial was based was erroneous on its face, and therefore the earlier decision could not operate as *res judicata* as to the subsequent application. *Grose* is inapposite here inasmuch as the instant plaintiff's subsequent application was denied after full consideration of the evidence on the merits, not on grounds of *res judicata*.

■ Plaintiff alternatively contends that the refusal to reopen the 1963 application after denial was an "abuse of discretion," reviewable under the Administrative Procedure Act, 5 U.S.C. § 701–706.[4]

In support of his contention that the refusal to reopen the 1963 application, after its denial in 1964, constituted an abuse of discretion, plaintiff relies upon Anderson v. Weinberger, 380 F.Supp. 640 (D.Md.1974). In Anderson, the claimant was originally injured in a farm accident in 1958, suffering substantial loss of body function. In 1964 claimant applied for disability insurance benefits from the Social Security Administration; that application, however, was denied. Claimant made no request for further administrative proceedings at that time. The claimant then recovered sufficiently to return to work in 1967, but was reinjured in 1970 and again applied for disability benefits for the two periods in which he was disabled (1958 to 1967 and 1970 to the date of application). The administrative law judge determined that the claimant was entitled to benefits for both closed periods of disability. The Appeals Council, however, upon its own motion, reviewed and reversed the decision of the administrative law judge, basing the reversal as to the first period upon the earlier denial and claimant's failure to request reconsideration of that denial. The effect of the Appeals Council decision was to deny the claimant's claim for the second period of closed disability also since his insured status had previously terminated unless tolled by the first period of

disability. Upon judicial review of that decision, Judge Young of this court held that the Secretary's decision not to reopen the prior denial, which denial was used as a basis for the application of the doctrine of res judicata to deny benefits sought in a subsequent petition, was an abuse of discretion.

The instant case is distinguishable from Anderson in a major respect.[5] The refusal to reopen the original denial in the instant case, unlike Anderson, did not result in dismissal of the second claim based upon res judicata. In Anderson, the Secretary made formal findings of fact in the second application that Anderson was disabled, but because his first denial had not been appealed, that denial was, in effect, res judicata upon the question of whether he was disabled at the time his insured status expired. Furthermore, the initial denial in Anderson was found to be unsupported even by the evidence upon which it was based. In contrast to Anderson, the instant plaintiff's second application was not barred under a doctrine of res judicata but was fully considered.[6] Therefore, the equities of the Anderson situation which appear to have outweighed the interest in administrative finality do not exist in the instant case.

## II

■■ Plaintiff's second challenge to the findings below is that the Secretary erred in concluding that plaintiff's work as a restaurant handyman in 1969, 1970, and 1971 constituted substantial gainful activity and thereby made him ineligible for benefits either upon the theory (1)

4. This court does not here decide whether 42 U.S.C. § 405(g) provides the sole authority for judicial review of decisions of the Secretary to the exclusion of the Administrative Procedure Act. Cf. Stuckey v. Weinberger, 488 F.2d 904, 908–911 (9th Cir. 1973); Leviner v. Richardson, 443 F.2d 1338, 1342–1343 (4th Cir. 1971); Cappadora v. Celebrezze, 356 F.2d 1, 4–7 (2d Cir. 1966).

5. The cases are also distinguishable from one another when the nature of the impairment is considered. The initial denial in Anderson was clearly unsupported by the medical evidence; Anderson was under severe restrictions on physical activity. In the instant case, the medical evidence indicates that restrictions on lifting were imposed upon plaintiff, such restrictions not clearly being inconsistent with a no-disability finding.

6. Since the durational requirement was changed in 1965, and plaintiff's impairment might meet the new durational rquirement on his new application, res judicata was not used to deny him benefits. After full consideration, the plaintiff, unlike Anderson, was found not to be disabled.

that his ability to engage in such activity demonstrated he was not disabled or (2) that such activity operated to terminate the alleged disability and cause the 14-month period to run, which period expired before the present application was filed and thus barred any consideration of the instant application. 42 U.S.C. § 416(i)(2)(E).[7] Initially, it is clear that the function of this court on review is to determine whether, based upon the entire record, the agency's decision is supported by substantial evidence. Huckabee v. Richardson, 468 F.2d 1380 (4th Cir. 1972); Gonzalez v. Richardson, 455 F.2d 953 (1st Cir. 1972); Wells v. Finch, 418 F.2d 1247 (4th Cir. 1969); Flack v. Cohen, 413 F.2d 278 (4th Cir. 1969). Resolutions of conflicts in the evidence, including conflicting medical opinions and determinations of the credibility of witnesses, are not for the court to determine but are instead solely within the province of the Secretary as trier of the facts. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971); Burdett v. Finch, 425 F.2d 687 (5th Cir. 1970); Moss v. Gardner, 411 F.2d 1195 (4th Cir. 1969).

■ In Social Security cases, the plaintiff has the burden of proving that he is disabled under the provisions of the statute. Richardson v. Perales, *supra*; Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972); Valentine v. Richardson, 468 F.2d 588 (10th Cir. 1972).

■ The medical evidence provided by the plaintiff to establish his disability shows that from December, 1959 to March, 1965 and from September, 1970 to March, 1973 the plaintiff had little functional use of his left arm (Tr. 150–175).[8] It would appear that, during these periods, plaintiff was precluded from work requiring the use of his left arm, but this did not establish that he was unable to engage in less strenuous activities. *See* Wright v. Gardner, 403 F.2d 646 (7th Cir. 1968); Robinson v. Celebrezze, 326 F.2d 840 (5th Cir.), cert. denied, 379 U.S. 851, 85 S.Ct. 98, 13 L. Ed.2d 55 (1964); Moon v. Richardson, 345 F.Supp. 1182 (W.D.Va.1972).

■ Vocational evidence presented before the agency showed that rather than being precluded from light activity, plaintiff was actually employed between early 1969 and mid-1971 (Tr. 134, 140). The Secretary properly placed considerable weight upon this evidence of plaintiff's work record. (Tr. 17, 172).[9] Al-

---

7. To qualify for disability insurance benefits and a period of disability insurance under 42 U.S.C. §§ 423 and 416(i), an individual must meet the insured status requirements of these sections, be under age 65, file an application for disability, and be under a "disability" as defined by the statute. 42 U.S.C. § 423(d)(1)(A) defines disability to be:
   "inability to engage in any substantial gainful activity by reason of any physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."

8. Plaintiff suggests that from this showing, the inference should not be drawn that between March, 1965 and September, 1970 plaintiff's impairment was less severe than during the surrounding period. It does not appear that any such inference was drawn by the Secretary. The focus of the inquiry was whether the evidence submitted by plaintiff adequately established a "disability" at any time during the period during which the impairment existed. The Secretary merely noted the lack of evidence pertaining to this period.

9. 42 U.S.C. § 423(d)(4) provides:
   "The Secretary shall by regulations prescribe the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity. Notwithstanding the provisions of paragraph (2), an individual whose services or earnings meet such criteria shall, except for purposes of section 422(c) of this title, be found not to be disabled."
   The regulations promulgated pursuant to this section at 20 C.F.R. §§ 404.1532–404.1534 give criteria for evaluating the services and earnings according to nature of work, adequacy of performance, time spent in work, and amounts earned. Section 404.1532 provides in part:
   "Substantial work activity involves the performance of significant physical or

though there are statements of plaintiff's wife (Tr. 225–227) and co-workers (Tr. 221–224) to support plaintiff's position that his employment was not substantial gainful activity, it was not incorrect for the Secretary to focus instead upon (1) his employer's evaluation of his work that he was satisfactory as a busboy and handyman (Tr. 177); (2) the evidence that no special considerations were granted (Tr. 178); (3) and the evidence that although co-workers and the employer's children assisted plaintiff in performing such jobs, and that his employer was aware of this fact (Tr. 177), the employer nonetheless paid him an average of $350 per month (Tr. 137, 179) (well in excess of the $140 per month standard of 20 C.F.R. § 404.-1534). *See* Hedge v. Richardson, 458 F.2d 1065 (10th Cir. 1972) (despite co-workers' assistance to claimant, his salary in excess of $140 per month supported a finding of substantial gainful activity).

■ Plaintiff's counsel contends in his letter of August 7, 1963, to Mr. Joseph Doneghy, member of the Appeals Council (Tr. 229–231), that the Social Security Administration failed to take into account the "unless" clause of § 404.1534 in evaluating the work in the light of the salary earned. Counsel assumes that the injury to the arm constitutes "severe" impairment under the Act, the very fact at issue. Substantial-

ly full time work performed regularly over a continuous period despite impairment, with wages in excess of $140 per month, constitutes substantial gainful activity under § 404.1534(b) and may negate any contrary inference under the "unless" clause. Kutchman v. Cohen, 425 F.2d 20 (7th Cir. 1970); Hedge v. Richardson, 458 F.2d 1065 (10th Cir. 1972). The plaintiff here held this position for two and half years, despite one brief hospitalization (Tr. 142–143); he worked a full day, admittedly with a slack afternoon period created by the natural flow of customers rather than by a special concession to him (Tr. 101); he returned for janitoral duties for several hours after closing time three to four nights a week, in addition to his regular daytime duties (Tr. 103–104, 177). His work, which by agreement with his employer did not entail the amount of heavy work he had formerly done as a roofer, was rated satisfactory by that employer (Tr. 177–178). Plaintiff left because of the abuse his employer directed at plaintiff's children, not because he was discharged for unsatisfactory performance (Tr. 227, 178). Plaintiff earned over $350 a month for two and a half years.

On the basis of the evidence presented in the record, it is apparent that the Secretary's finding that plaintiff was engaged in substantial gainful activity was based upon substantial evidence and cannot be overturned by this court.

---

mental duties, or a combination of both, productive in nature. Gainful work activity is activity . . . of a nature usually performed for remuneration. . . It is immaterial that the work activity of an individual may be less, or less responsible, or less gainful, than that in which he was engaged before the onset of his impairment. . . .

"The adequacy of an individual's performance of assigned work is also evidence (of) ability to engage in substantial gainful activity . . . failure, because of impairment, to perform ordinary or simple tasks without supervision or help beyond that normally given other individuals performing similar work may constitute evidence of inability to engage in substantial gainful activity. 'Made work,' . . .

involving the performance of trifling duties which make little or no demand on the individual and are of little or no utility to his employer . . . does not demonstrate ability to engage in substantial gainful activity."

Section 404.1534 provides in part:

(a) "Activities which result in substantial earnings would establish ability to engage in substantial gainful activity . . . .."

(b) "An individual's earnings from work activities averaging in excess of $140 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity unless there is affirmative evidence that such work activities themselves establish that the individual does not have the ability to engage in substantial gainful activity."

For the foregoing reasons, the decision of the Secretary denying benefits is affirmed. Accordingly, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.