Thelma H. LAURITZEN, Appellant,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Appellee.

No. 74–1382.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1974.

Decided April 11, 1975.

Donald S. Singer, Clayton, Mo., for appellant.

Jean Hamilton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY and HEANEY, Circuit Judges, and SMITH, Senior District Judge.*

HEANEY, Circuit Judge.

Thelma Lauritzen argues on this appeal that her social security disability benefits were wrongfully terminated on October 22, 1965. The Secretary of Health, Education and Welfare, on the other hand, argues that substantial evidence on the record as a whole supports the decision to terminate. He further argues that Mrs. Lauritzen is now precluded from raising the question of improper termination because: (1) she failed to seek a timely judicial review of the final administrative decision, rendered on August 1, 1967, with respect to the October 22, 1965, termination, see 42 U.S.C. § 405(g), and that, therefore, the issues of fact litigated in that proceeding are binding; (2) she failed to request a reopening of the October 22, 1965, determination within four years of that determination, as required by 20 C.F.R. § 404.957(b); (3) she failed to adduce new evidence to support her claim that she was in fact disabled between October 22, 1965, and March 31, 1966, the last date on which she met the earnings requirements of the law; and (4) she failed to establish that there are errors "on the face of the evidence" justifying a reopening pursuant to 20 C.F.R. § 404.-957(c)(8).

We disagree with the Secretary's argument that substantial evidence on the record as a whole supports the 1967 decision to terminate Mrs. Lauritzen's benefits; and were we directly reviewing that determination, we would have no hesitancy in saying so.

We also disagree with his argument that Mrs. Lauritzen's failure to request judicial review of the August 1, 1967, final determination necessarily bars judicial review of the Appeals Council's decisions.

Mrs. Lauritzen filed a third application for reinstatement of disability benefits on December 8, 1971. In that application, she contended that she had been continuously disabled since 1964. The application was denied and then referred, on Mrs. Lauritzen's request, to an administrative law judge for decision. He stated that he assumed the matter had been referred to him pursuant to 20 C.F.R. § 404.957(c)(8). That section pro-

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

vides that an initial, revised or reconsidered determination may be reopened at any time when

[s]uch initial \* \* \* determination \* \* \* is unfavorable, in whole or in part, to the party thereto but only for the purpose of correcting clerical error *or error on the face of the evidence on which such determination* \* \* \* *was based.* (Emphasis added.)

The Social Security Claims Manual defines error on the face of the evidence as follows:

\* \* \* An error on the face of the evidence exists where, on the basis of all the evidence in the file on which the determination or decision was based and any evidence of record anywhere in the Administration at the time such determination or decision was made, it is *clear* that the determination or decision was incorrect. \* \* \*

A determination or decision which was reasonable on the basis of the evidence in the file and the statute, regulations, instructions, precedents, etc., existing at the time the determination or decision was made, will not be reopened merely because there is a shift in the weight of the evidence, a different inference is now drawn from the evidence, a different rule of law would now be applied, or the statute or regulations have been amended, unless such amendment specifically provides otherwise. \* \* \* In such cases, there is no error on the face of the evidence on which the determination or decision was based (i. e., the "record") which would permit reopening.

Social Security Claims Manual § 7015 (May, 1970) (Emphasis included.).

The administrative law judge, after an evidentiary hearing, found that Mrs. Lauritzen's disability did not cease to exist in October of 1965 but continued uninterrupted to the date of his decision in December of 1972.

The Appeals Council, on review of the record, reversed the administrative law judge. It found that Mrs. Lauritzen could perform light clerical work during the period in question and that the evidence did not warrant a revision of its earlier decision to terminate Mrs. Lauritzen's benefits. The Council also stated that the October 22, 1965, determination was final and binding and not subject to reopening under 20 C.F.R. §§ 404.956 or 404.957(c).

The District Court, on review, recognized the right to reopen pursuant to § 404.957(c)(8), but stated that Mrs. Lauritzen had not shown that there was error on the face of the evidence. It also held that since the August 1, 1967, final decision was not subject to being reopened, it was binding under principles of administrative *res judicata.*

■ The critical question is, of course, what is meant by error on the face of the evidence. The Claims Manual and judicial decisions provide the guide. The question is whether an injustice has been done to a claimant, *see* United States v. Smith, 482 F.2d 1120, 1123 (8th Cir. 1973); Grose v. Cohen, 406 F.2d 823, 825 (4th Cir. 1969); Anderson v. Weinberger, 380 F.Supp. 640, 644 (D.Md.1974), or whether there is manifest error in the record, *see* Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971); Easley v. Finch, 431 F.2d 1351, 1353 (4th Cir. 1970); *but see* Domozik v. Cohen, 413 F.2d 5 (3rd Cir. 1969).

■ Our task then is to examine the record to determine whether there was manifest injustice in terminating Mrs. Lauritzen's social security disability benefits in October of 1965. We believe that there was such injustice.

The record shows that Mrs. Lauritzen was steadily employed from 1942 to 1961 in various factory, office and clerical jobs. In the fall of 1963, she developed shortness of breath and chest pains when under strain or when "trying to do something." On April 12, 1964, she was admitted to a hospital where her condition was diagnosed as "arteriosclerotic heart disease with cardiac decompensation and

anterior myocardial ischemea."[1] She was released from the hospital on May 23, 1964. Thereafter, she made application for and was awarded disability benefits of $77.00 per month effective June, 1964, with the condition that she be reexamined in one year.

On October 22, 1965, HEW notified Mrs. Lauritzen that her disability benefits would be terminated on November 30, 1965. It apparently took this action on the basis of a medical report by a HEW physician that Mrs. Lauritzen was then capable of performing light work. Mrs. Lauritzen made a timely request and was granted reconsideration of the termination decision. In the process of that reconsideration, she was given a comprehensive reevaluation by the Rehabilitation Center of Greater St. Louis. The evaluators reported as follows:

> The workshop evaluation and other testing revealed significant skills within the clerical and workshop assembly areas, e. g., basic arithmetic, filing, sales receipts, telephone book, language usage and assemblies, however, *due to the obvious distress and discomfort (fatigue dizziness, chest pains and numerous other bodily complaints) that Mrs. Lauritzen experienced during the workshop evaluation, she could not be expected to secure or maintain a responsible gainful activity.* In view of the medical evidence and her behavior during this evaluation, it is recommended that Mrs. Lauritzen seek further medical and psychiatric attention in regard to her obesity and obvious emotional difficulties (extreme fearfulness of over exertion and numerous body complaints that are not substantiated by the medical evidence). *In view of these aspects which most certainly prevented her from maintaining an adequate work tolerance level, Mrs. Lauritzen could not be gainfully employed at this time. In view of her age and significant work skills she could be expected to return to gainful employment (to her previous occupational area) pending successful rehabilitative efforts. It is recommended that these services be sought through the Division of Vocational Rehabilitation.* (Emphasis added.)

Pursuant to this report, Mrs. Lauritzen sought assistance from state vocational rehabilitation, but no help was forthcoming. Moreover, she made at least three attempts to return to work, but found that she was unable to hold the jobs because of pain and fatigue.[2]

A heart specialist confirmed that as of September and October, 1966, Mrs. Lauritzen was subject to anginal pain by X-ray, electrocardiographic studies, and, in his own words, more "convincingly by her response to nitroglycerin." Moreover, the record shows that during the period from October, 1965, to March, 1966, Mrs. Lauritzen's blood pressure was above normal, and that the medications she took included digoxin, hygroton, tetrasule and appetite suppressants.

Mrs. Lauritzen's personal physician reconfirmed his original opinion that she was unable to pursue any gainful activity on December 6, 1965, and July 27, 1966. On the latter occasion, he stated that the claimant continued to have dyspnea on exertion, difficulty in breathing and that she was subject to easy fatigue.

The Hearing Examiner, who heard the matter in 1966, gave great weight to the testimony of Julia Alsberg, a vocational consultant. Ms. Alsberg testified that the claimant could perform clerical work and that such jobs were available in the St. Louis area. She based her conclusion on the written report of the HEW medical expert. She did not interview the claimant and apparently gave little weight to the thorough report of the St.

1. Mrs. Lauritzen's mother died at age forty-five while pregnant with "cardiac complications."

2. At least two of these attempts were subsequent to March, 1966. These were properly received, however, to show Mrs. Lauritzen's inability to return to work during the October, 1965—March, 1966, period.

Louis Vocation Center. Her conclusion that clerical jobs were available for the claimant in the St. Louis-St. Charles, Missouri, area was nothing more than speculation. All that she knew was that there were clerical openings in that area and that the claimant had clerical qualifications. As a matter of fact, Mrs. Lauritzen testified, without contradiction, that after she was evaluated by the St. Louis County Rehabilitation Office, she met with a representative of HEW in St. Charles, who informed her "that there was not any kind of a job that he could find for me either after reading the report." She also testified, without contradiction, that representatives of the Missouri State Employment Office told her that they could not find employment for her in light of her condition.

The same Hearing Examiner also found that the claimant was obese and that the condition could be remedied if the claimant adhered to a proper diet. There is no evidence in the record to support this finding. The record shows clearly, rather, that Mrs. Lauritzen constantly took diet suppressants to curb her appetite, and that her calorie intake was not excessive.

In summary, the only conclusion that we can reach from the record is that Mrs. Lauritzen was disabled in October of 1965, that this disability continued through March of 1966, and that it was still in effect at the time that the Hearing Examiner conducted the final hearings leading to this appeal. It follows that it would be a clear injustice to deprive her of disability insurance benefits, and that the Secretary's decision to terminate the disability insurance benefits as of the last day of November, 1965, was clearly erroneous.

We reverse and remand to the District Court with instructions to it to grant summary judgment for the plaintiff.