**Dale H. PUGH, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.**

**Civ. A. No. 77–2054.**

United States District Court,
D. Kansas.

Feb. 2, 1978.

James P. Buchele, U. S. Atty., Douglas B. Comer, Asst. U. S. Atty., Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

Plaintiff brings this action to seek judicial review of the denials of his two claims for benefits; one for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*; the other for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* The denials are the "final decisions" of the Secretary, and therefore this court may undertake a limited review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

On October 6, 1975, plaintiff filed an application (Tr. 74–77) to establish a period of disability and to obtain disability insurance benefits. The application received consideration and reconsideration by the Social Security Administration (Tr. 80–81, 86) and the claim was denied.

On the same date, plaintiff filed an application for supplemental security income disability benefits (Tr. 92–95). This application was also denied on reconsideration by the Social Security Administration on May 7, 1976 (Tr. 98–99).

On September 13, 1976, at plaintiff's request, a hearing was held, at which he and one witness appeared and testified (Tr. 17–65). Plaintiff was represented by counsel at the hearing. On September 29, 1976, the administrative law judge rendered a decision unfavorable to plaintiff (Tr. 7–11). He found that plaintiff was not under a "disability" as defined in the Social Security Act. Thus, plaintiff was not entitled to a period of disability or to disability insurance benefits, or to supplemental security income benefits. On January 17, 1977, the Appeals Council of the Social Security Administration affirmed the hearing decision (Tr. 4). Thus, the decision of the administrative law judge stands as the final decision of the Secretary. This action was filed on March 16, 1977.

Sheldon M. Crossette, Overland Park, Kan., for plaintiff.

**40**

Defendant has filed a motion for summary judgment. Plaintiff, in turn, has filed a motion under 42 U.S.C. § 405(g) to remand the case to the Secretary for the taking of additional evidence.

■ We will deal first with the motion to remand. A plaintiff seeking a remand must show "good cause." *Bohms v. Gardner*, 381 F.2d 283 (8th Cir. 1967), cert. den. 390 U.S. 964, 88 S.Ct. 1069, 19 L.Ed.2d 1164 (1968).

■ If the remand is sought for the purposes of introducing new evidence, a plaintiff has the burden of demonstrating the existence of such new evidence, and that if such evidence is made a part of the record, the decision of the Secretary may be different, *Hutchinson v. Weinberger*, 399 F.Supp. 426 (E.D.Mich.1975). Plaintiff has done neither. In his suggestions in support of his motion, plaintiff urges that he should be able to "pursue" a statement made by an employee of the Wyandotte County Department of Social and Rehabilitation Services that plaintiff was "not a good candidate for a work project." This statement was a part of the record before the administrative law judge (Ex. 39, Tr. 170), and was also mentioned at plaintiff's hearing (Tr. 50). Plaintiff has presented no reason why he or his counsel did not "pursue" this matter at the hearing. Nor has plaintiff suggested that the employee who made this statement is a "vocational expert" or has some significant testimony to present regarding plaintiff's physical condition. Plaintiff also suggests that remand is necessary so that plaintiff may "secure medical testimony." However, plaintiff is silent as to who would give such testimony, what it would be, or why it was not presented at the hearing. Accordingly, plaintiff has not shown "good cause" and the motion to remand must be denied.

■ We now turn to the defendant's motion for summary judgment. In order to affirm the decision of the administrative law judge (to the effect that plaintiff was not disabled and therefore not entitled to benefits) this court must find "substantial evidence" in support of the decision. 42 U.S.C. § 405(g).[1]

The administrative law judge made the following findings:

1. The claimant filed an application for a period of disability and for disability insurance benefits on October 6, 1975, alleging disability from July 1975.

2. The claimant met the special earnings requirements of the Social Security Act, as amended, in July 1975, the date of alleged "disability," and continues to meet them through the date of this decision.

3. The claimant testified that he is 56 years of age, has completed 8 years of schooling, and has worked as a taxi driver and truck driver.

4. Claimant's medical impairments have been diagnosed as Grade I spondylolisthesis and hypertrophic changes of lumbosacral spine, mild degenerative changes of the cervical spine, chronic bronchitis, acute and chronic alcoholism and chronic obstructive pulmonary disease.

5. Claimant has minimal restricted range of motion of the lumbosacral spine and some mild respiratory impairment.

6. The claimant was not prevented from engaging in any substantial gainful activity for any continuous period beginning on or before the date of this decision, which has lasted or could be expected to last for at least 12 months.

7. The claimant was not under a "disability," as defined in the Social Security Act, as amended, at any time on or prior to the date of this decision.

---

1. Actually, the decision of the Secretary as to any question of fact is final and non-reviewable as to plaintiff's eligibility for supplemental security income benefits. 42 U.S.C. § 1383(c)(3). However, the definition of "disability" found in 42 U.S.C. § 1382c(a)(3) is very similar to that found in 42 U.S.C. § 423(d), and thus if substantial evidence exists to support the Secretary's conclusion that plaintiff is not eligible for disability insurance benefits, the same evidence supports the conclusion that plaintiff is not eligible for supplemental security income benefits.

8. The claimant was not prevented from engaging in any substantial gainful activity for any continuous period, beginning on or before the date of this decision, which has lasted or could be expected to last for at least 12 months.

9. The claimant was not under a "disability," as defined in the Social Security Act, as amended, at any time on or prior to the date of this decision.

In testing for substantial evidence we note first that plaintiff's complaint and brief in opposition to the motion for summary judgment contain only bald, general allegations that the decision below is incorrect; plaintiff does not point to any specific errors in the reasoning of the administrative law judge. More importantly, we are struck by the complete lack of any evidence contradicting the administrative law judge's conclusion that plaintiff was not disabled. Plaintiff has the burden of proving his disability and his entitlement to benefits. *Keating v. Secretary of HEW*, 468 F.2d 788 (10 Cir. 1972); *Valentine v. Richardson*, 468 F.2d 588 (10 Cir. 1972). To meet this burden, plaintiff must show that some medically determinable impairment, evidenced by clinical and laboratory findings, prevents him from engaging in any substantial gainful activity. 42 U.S.C. §§ 423(d)(1) and (d)(3); *Valentine v. Richardson, supra; Johnson v. Finch*, 310 F.Supp. 1235 (D.Kan.1970), *aff'd.*, 437 F.2d 1321 (10 Cir. 1971).

Plaintiff has certainly not met his burden here. Indeed, the only significant medical evidence presented indicates quite clearly that while plaintiff has had some physical problems he was definitely not disabled (as of the date of the hearing) and was able to work, as long as the work did not involve any heavy lifting. See the reports of Dr. Oversech (Tr. 147–149) and Dr. Bansal (Tr. 161–162).

Claimant is not disabled if he is able to return to work he has previously performed. 42 U.S.C. § 423(d)(2)(A). The administrative law judge's conclusion that plaintiff was able to return to his previous job as a taxi driver is supported not only by the reports of Dr. Oversech and Dr. Bansal, but also by plaintiff's admissions that he had quit not because of physical problems but because the job was not very lucrative, and also that he "could try" to return to the job. (Tr. 32). In addition, plaintiff testified that he could work as a dispatcher for a taxi company (Tr. 47), and that he had applied for jobs working in a restaurant kitchen (Tr. 38, 40), and that he felt he could work at such jobs if he could find an opening. (Tr. 38, 40). A claimant who is able to engage in substantial gainful work is not disabled merely because it has not been shown that a "specific job vacancy exists for him." 42 U.S.C. § 423(d)(2)(A).

The court finds that substantial evidence exists to support the decision of the administrative law judge and that the legal conclusion that plaintiff was not disabled is correct. Accordingly, the motion for summary judgment is sustained.

IT IS THEREFORE ORDERED that: Plaintiff's motion to remand be denied; Defendant's motion for summary judgment be sustained; and that counsel for defendant prepare, obtain the approval of plaintiff's counsel, and submit to the court a journal entry entering judgment in favor of defendant.